## MILLER v. DAWSON & CONGER.

1. **Limitation, statute of: DEMURRER.** Where the petition in an action upon a promissory note shows that its cause of action is barred by the statute of limitations, it may be assailed by demurrer.

2. —— **EFFECT OF INDORSEMENTS ON NOTE.** The mere indorsements of credits or payments on a promissory note within the period fixed by the statute, which are not shown to have been for actual payments made by, nor to be in the handwriting of, the maker, are not sufficient to remove the bar of the statute, even under the English rule.

3. —— **UNDER THE STATUTE.** Whether, under our statute, the acknowledgement arising from *actual payments* before the claim is barred, will continue it in life for the statutory period after that time, or whether there must in all cases be a writing signed by the party to be charged, — *quere.*

*Appeal from Buchanan District Court.*

MONDAY, DECEMBER 14.

THIS action was commenced February 17, 1868, and the petition in its material parts is as follows: Defendants made their promissory note to, etc., the following words and figures being a true copy, viz.:

"$142.30.

"On or before the 1st of November next, for value received, we, or either of us, promise to pay to the order of Elgy Wilson one hundred and forty-two dollars and thirty cents, with ten per cent interest from date.

                    "BENJAMIN DAWSON,
                    "HEMAN S. CONGER.
"April 1, 1857."

Paid Dec. 7, 1857, sixty-five dollars. Paid Dec. 9, 1857, forty-five dollars. Paid Dec. 24, 1858, five dollars.

Petitioner says there is due on said note the sum of $100. He therefore asks judgment, etc.

Defendant demurred, upon the ground that the cause of action was barred by the statute of limitations. This was overruled. Defendant excepted and appealed.

*G. W. Hawthorn* and *S. P. Adams* for the appellants.

*W. T. Barker* for the appellee.

WRIGHT, J. — The law is, that, where a pleading shows affirmatively that its cause of claim is barred by the
1. LIMITATION, statute of limitations, it may be assailed by
STATUTE OF:
demurrer. demurrer. Rev. § 2961. Section 2876, referred to by appellee, to support his position that the defect, if any, could only be reached by motion, expressly recognizes the right to demur for the causes stated in section 2961, above cited.

The note was due November 1, 1857; the ten years expired November 1, 1867, and this action was commenced February 19, 1868. It is clear, therefore, that the pleading shows affirmatively, that the claim was barred, unless it is aided by what follows the copy of the note, as to the alleged payments.

Whether, as appellee claims, the payments, *if proved*, would keep the note alive, is a question not decided in this State. Our statute, following that of 9 Geo. IV, chapter 14, requires the admission or new promise, in order to revive the action, to be in writing. The English statute, however, contains the provision, that nothing therein contained shall alter or take away, or lessen the effect of any payment of any principal or interest made by any person whatsoever. Ours has no such exception, and whether the acknowledgment arising from payment *before* the claim is barred, will continue it in life for the statutory period after that time, or whether there must, in all cases, be a writing signed by the party to be charged, is a question not free from difficulty under the statute, and we, therefore, pass it, until it shall arise.

2, —— effect of indorsements on note.

For we are all of the opinion that the case made by this petition, is not sufficient, aside from the statute, to entitle plaintiff to recover.

It will be observed that the petition does not allege that these payments were made. It does not show or aver that they were indorsed upon the note for payments actually made at the time stated, nor anything to show, in the most remote manner, that defendant had any knowledge of the same.

For aught that appears, plaintiff made these indorsements (if this is what the pleader intends), for his own interest, long after the note was barred, and there is no legal presumption that they were made at the instance

of defendants, or for payments actually made. At common law it was the payment, and not the indorsement of it on the back of the note, which amounted to the acknowledgment, and authorized the presumption of a promise to pay the remainder. If it was found that the indorsement was made before the cause was barred, and hence, against the interest of the party making it, the course was to admit it to be considered by the jury among the circumstances showing an actual payment. 2 Greenl. Ev. § 444, and cases cited in note 1; Angell on Limitations, §§ 240, 241, and notes; 2 Par. Cont. 353, *et seq.* And if it be conceded even that it will be inferred that an indorsement was made at the time it bears date, plaintiff's case is not helped for he does not aver such indorsement, much less actual payment.

Let us suppose that defendants instead of demurring, had plead the statute, and that plaintiff had introduced the note with indorsements agreeing with the recitations in the petition, would he without further proof, have been entitled to recover? For myself I clearly think not. If the indorsements were in defendant's handwriting, then, aside from the statute, they would be sufficient. But a mere indorsement by the plaintiff himself, without defendant's knowledge or proof of payment of the sum indorsed, never should, in my judgment, avoid the operation of the statute. The distinction held in some of the cases between indorsements made before and after the demand has become stale or affected by the statute, in my opinion has no foundation in sound reason. The private *ex parte* act of a party, should never be evidence for him. Possibly an exception to this rule is found when the act is in collision with his interest at the time. But upon what principle is it that courts must presume that an indorsement was made at the time it bears date, where it is clearly the interest of the party to make it long after

the claim is barred, for the very purpose of keeping the claim in life, or to show *prima facie* that he still has a cause of action? If it is made so short a time before the bar, as to raise a presumption that it was made for his interest, and not against it, then some courts hold, that it will not operate to defeat the plea, or rather that there must be some evidence that it was for an actual payment. But where is the line, and why the distinction? The plainer, safer, and in my judgment, better rule is, that if the party relies upon a partial payment, he should show something more than his note with indorsements in his own handwriting. The door should not be opened to allow him thus to manufacture testimony for himself. These indorsements all come from an interested source. To admit them is repugnant to every sound principle of law. *Roseboom* v. *Billington*, 17 Johnson, 182; *Rose* v. *Bryant*, 2 Camp. 321; *Read* v. *Hurst*, 7 Wend. 408. And this is more emphatically true in view of the legislation in England and many of the States in this country, contemplating greater strictness and better evidence to avoid the bar of the statute.

To require that the admission or new promise shall be in writing, signed by the party to be charged, and yet allow a party to recover upon a note or other instrument which contains an indorsement apparently made before it was barred, made by himself, without any evidence of payment; any circumstance tending to show that it was made at the time, or as the result of any act or request of defendant, would to my mind be most unmeritorious and unreasonable.

This is not the spirit of the law, nor as far as I can see of the authorities.

Reversed.