## THE SAFETY DEPOSIT LIFE INSURANCE COMPANY

*v*

## SAMUEL C. SMITH.

1. CORPORATION—*liability for service performed before organization.* Where the plaintiff was employed by one of the corporators named in the charter of a corporation, to act as a book keeper, and in that capacity rendered services before the organization of the company, and when the organization was formed neither the plaintiff nor any one else informed the stockholders of the services he had performed, or that he expected to claim payment therefor, and the evidence failed to show that the company appropriated his labor or its avails to their use, audited his account, or ever agreed to pay him: *Held,* that the facts showed no ground of recovery.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. McCAGG, FULLER & CULVER, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee brought suit in the court below, and against appellants, and recovered for services rendered by him at the request of one of the corporators, before the company was organized or did any business. It seems that the corporators named in the charter engaged in obtaining subscription for stock, preparatory to the organization of the company, and Brewster, who was one of them, about the middle of January, 1870, employed appellee to act as book keeper, and he continued to so act until the company was organized, about the last of March or first of April of that year. Appellee continued in the employment of the company after its organization for about one year.

The evidence shows that when the organization was formed appellee nor any one else informed the stockholders of the services he had rendered, or that he expected to look to or

claim payment of the company. Nor is there any evidence that the company appropriated his labor or its avails to their use, audited his account, or ever agreed to pay him.

The questions arising on this record were presented and considered in the case of the *Rockford, Rock Island & St. Louis R. R. Co.* v. *Sage, post.* p. 328. The facts in the two cases are substantially the same. And it was held in that case that they formed no ground of recovery. That case controls this, and the judgment of the court below is reversed.

*Judgment reversed.*