# The Rockford, Rock Island and St. Louis R. R. Co.

## *v.*

## Ralph Sage.

1. Services—*railroad director—law implies no promise of compensation.* The law will not imply a promise on the part of railway companys to pay their directors as such; and before a director can recover for his services as such, it must appear that a by-law or a resolution had been adopted allowing such compensation. It will not be sufficient to prove that the matter

of allowing compensation was talked over by the board when in session, where the records of the company fail to show any allowance.

2.  Where a by-law of a railway company provided that whenever any bill against the company should be certified as correct by a majority of the executive committee, the president or vice-president should draw an order on the treasurer for the amount thereof, and that the secretary should countersign the same, which order should constitute a proper voucher against the company; and a bill for the services of a director was indorsed, "approved by the executive committee," and signed by only two of the committee, which consisted of five members: *Held*, that the bill was not properly audited in pursuance of the by-law, and afforded no evidence of an account stated.

3.  Same—*director may recover for services rendered apart from his duty as director*.  Where it is shown that a railway director rendered services and incurred expenses for the company, since its organization, apart from his duty as a director, he may recover for the same upon a *quantum meruit*.

4.  Corporation, *railroad—liability for services performed and expenses incurred before organization*.  While it may be that a party rendering service and incurring expense for a proposed railway corporation, before its organization, may recover upon an express promise of the company to pay for the same after its organization; yet, in the absence of such express promise, no promise to pay will be implied from the fact that the company, when organized, accepts and receives the benefit of the same, as it seems more reasonable to hold such services, etc., to have been a gratuity, in view of the general good or private benefit expected to result from the object of the corporation.

5.  Same—*contracts before organization*.  A right of recovery against a corporation for anything done before it has a proper existence, does not appear to rest upon any satisfactory legal principle.  It is soon enough for such corporate bodies to enter into contracts, incumbering their property, when they are duly organized according to their charters, and have their chosen and impartial directors to conduct their business.

Appeal from the Circuit Court of Whiteside county; the Hon. William W. Heaton, Judge, presiding.

Mr. Charles M. Osborn, and Messrs. Henry & Johnson, for the appellant.

Messrs. Sackett & Bennett, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action of assumpsit, by Sage, against the railroad company, to recover for money paid for surveying done

330      R., R. I. & St. L. R. R. Co. *v.* Sage.    [Sept. T.,

Opinion of the Court.

before the company was organized or its charter granted, and for services and expenses as director of the company, and for $1000 due on an account stated.

A recovery was had for $1000, which, under the evidence, must have been upon what was found to be an account stated.

The defendant appeals.

On the trial below, the plaintiff offered in evidence the following:

"*Rockford, Rock Island and St. Louis Railroad Company,*
                   "*To Ralph Sage, Dr.*

"To money expended and services rendered,   -   -   $1000
  "Sterling, June 3, 1868.
  "(Indorsed.)   Approved by the executive committee.
                                 "Wm. Pratt,
                                 "Wm. S. Thomas."

With proof that Pratt and Thomas were members of the executive committee of the company.

The company was organized some time in the year 1865, the charter having been obtained in the winter of 1865. Plaintiff acted as director about two years. After he had ceased to be director, he presented this bill for services and expenses as director, during all the time he was such, and as commissioner to receive subscriptions for stock. Plaintiff testified to having paid $50 for surveying in the fall of 1864. It was in evidence that while Greene, Irwin & Co. were negotiating for the road, and as it was about to pass into their hands, the directors of the road talked the matter over among themselves, and they agreed to allow themselves (Sage among the rest) $1000 each, for services and expenses.

There was evidence tending to show that Sage's claim was talked over in the board of directors as an organized board, and that it was agreed Sage should have $1000.

The following was one of the by-laws of the company:

"Article 6.   Whenever any bill against the company shall have been certified correct by a majority of the executive committee, it shall be the duty of the president or vice-president

to draw an order on the treasurer for the amount thereof, and of the secretary to countersign the same, which order shall constitute a duly authorized voucher against the company, payable by the treasurer from any funds in his hands."

The executive committee consisted of five members. This bill having been approved by only two of them, it was not properly audited by the executive committee in pursuance of the by-law.

In *Am. Cent. R. R. Co.* v. *Miles*, 52 Ill. 174, this court recognized and adopted the rule that the law does not imply a promise on the part of railway companies to pay their directors as such, and that it should appear that a by-law or a resolution of the board had been adopted to compensate them for services, before a director can recover for them. Neither such by-law nor resolution here appears. Although there is the testimony of one witness that the matter was talked over by the board when in session, and that it was agreed that Sage should have $1000, the witness will not be positive about any action or vote of the board. He says it was concluded to have it put in the shape of a bill, and that he, and Thomas, another member of the executive committee, put their names on the bill, in accordance with the wishes of the board. The record book of the meetings and proceedings of the company shows nothing on the subject of the allowance of the claim, and shows no record of any meeting of the board of directors held between the 16th day of April, 1868, and June 4, 1868; and the record of the meeting of June 4, 1868, shows the following:

"On motion, the following resolution was adopted, to wit:

"*Resolved*, That the account of Ralph Sage, for services rendered as a director of said company prior to the annual election, in October, A. D. 1867, be referred to a committee, consisting of B. C. Coblentz, James Galt and James E. Abbott."

We find nothing in the evidence which should be considered as amounting to the adoption of any resolution by the board of directors to pay for these services and expenses, or to pay the bill offered in evidence.

There was some evidence tending to show services rendered and expenses incurred by the plaintiff, since the organization of the company, apart from his duty as a director; for all such, he may recover upon a *quantum meruit.* But there is no proof of such services and expenses to the amount of $1000.

For services and expenses before the organization of the company, which, subsequently, the company accepts and receives the benefit of, and promises to pay for, we will not say a party might not recover, in virtue of such express promise; but we are disposed to deny the right of recovery for such services and expenses upon any implied promise resulting from the facts, although the case, cited by appellee's counsel, of *Low* v. *Conn. Passumpsic River R. R. Co.* 46 N. H. 284, seems to sanction such a right of recovery; as does also the case of *Hall* v. *Verm. and Mass. R. R. Co.* 28 Vt. 401, as respects services rendered subsequent to the act of incorporation, and prior to perfecting the organization of the company, but not for services prior to the act of incorporation.

A right of recovery against a corporation for anything done before it had a proper existence, does not appear to rest on any very satisfactory legal principle.

It appears more reasonable to hold any services performed or expenses incurred prior to the organization of a corporation, to have been gratuitous, in view of the general good or private benefit expected to result from the object of the corporation. It seems unjust to stockholders, who subscribe and pay for stock in a company, that their property should be subject to the incumbrance of such claims, and which they had no voice in creating.

*N. Y. and N. H. R. R. Co.* v. *Ketchum,* 27 Conn. 170, is an authority which denies the liability of a corporation on account of services rendered prior to the perfecting of its

organization; and we accept the authority of that case as, in our judgment, establishing the more just and satisfactory rule.

In the language of that case, "it is soon enough for corporate bodies to enter into contracts, incumbering their property, when they are duly organized according to their charters and have their chosen and impartial directors to conduct their business." To the same effect are *Franklin Fire Ins. Co.* v. *Hart*, 3] Md. 59, and *Safety Life Deposit Ins. Co.* v. *Smith*, ante, p. 309.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*