MARY A. LONG, APPELLANT, *v.* CITIZENS' BANK AND OTHERS, RESPONDENTS.

CORPORATIONS.—PROMOTERS.—LIABILITY OF CORPORATION.—*Semble* a corporation cannot be held liable for anything done by promoters before its existence.

ID.—BANKS.—CERTIFICATE ISSUED BEFORE ORGANIZATION.—A bank is not liable to an innocent purchaser for value upon a certificate of deposit issued before its incorporation, and signed as cashier by the person whom the promoters of the bank contemplated as cashier, and who afterwards became the cashier, when it appears that the bank never received any part of the consideration.

ID.—PROMOTERS.—LIABILITY FOR ACTS OF ONE.—Promoters and subsequent officers of the bank when established cannot be held liable for the act of one of the promoters who became

subsequently cashier, in issuing a certificate of deposit purporting to be of the banking corporation, but before its incorporation, without showing that by fraud or negligence they assisted in giving the certificate currency.

NEW TRIALS. — NEWLY DISCOVERED EVIDENCE. — CUMULATIVE.— Where new trial is asked on the ground of newly discovered evidence which is of the same general character as that already admitted, the new trial is properly denied.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Mr. Charles C. Dey* and *Messrs. Zane and Putnam,* for the appellant.

*Messrs. Evans and Rogers,* for the respondents.

BLACKBURN, J.:

This is a suit brought on a certificate of deposit in the usual form, purporting to be a certificate of deposit of the Citizens' Bank for $1,000, payable to Hal W. Watters, signed, "J. P. Barbour, Cashier," dated July 21, 1890. The evidence tends to show that the plaintiff purchased said certificate for value before the same became due, and that she is an innocent holder thereof for value. That a few men, including the defendants Robison and Johnson, early in 1890, agreed to form and carry on a banking business in Ogden, Utah. Some time during the summer they agreed among themselves that they would form a corporation, and do a banking business; that the defendant Robison should be the vice president and general manager; and they talked of J. P. Barbour as cashier, and concluded that, if an arrangement satisfactory could be made with him, he should be cashier, and requested Robison to see him. Robison did see him, and a satisfactory arrangement was made; so that when the bank opened for business

August 25, 1890, he was duly installed as cashier. The promoters of the enterprise did not incorporate until the 11th day of August, 1890, and completed its organization on that day, and opened for business on August 25, 1890. Nothing was done excepting procuring supplies, etc., in the way of banking, until August 25, 1890. On August 11, 1890, the officers of the bank were chosen. This certificate was issued at Kansas City, Missouri, July 21, 1890, before the defendant bank was doing business or open for business, and a thousand miles or more away from where it was to do business. The money given for the certificate of deposit, if any, never came into the bank after it commenced business. The court instructed the jury to find for the defendants, and they did. A motion was made for a new trial, which was overruled, and plaintiff appeals both from the judgment and order overruling motion for new trial.

Several errors are assigned for reversal. The most important is the instruction given by the court to the jury to find for the defendants. We think in this the court committed no error. No evidence whatever was given to bind the bank, for it had no existence until some time after the certificate of deposit was issued. It could not be a principal before it existed, much less have an agent. It is true that the promoters of the banking enterprise contemplated having Barbour for its cashier when the bank was fully organized, but he could not be a cashier until there was a banking institution to be a cashier for. The banking organization cannot be held liable for anything done by promoters before its existence. *Railroad Co.* v. *Sage,* 65 Ill. 328. In that case the court says: "A right of recovery against a corporation for anything done before it had a proper existence does not appear to rest on any very satisfactory legal principles." *Deposit Co.* v. *Smith,* 65 Ill. 309; *Manufacturing Co.* v. *Cousley,* 72 Ill. 531; *Railroad Co.* v. *Ketchum,* 27 Conn. 170. Green's Brice,

Ultra Vires, p. 475 *et seq.*, and note. This is a suit alone on the certificate of deposit, and there are no allegations in the complaint to justify a finding or judgment against the defendant Robison, and the defendant Johnson was not served with process. To authorize a judgment against Robison it is necessary to show that he in some way was party to the certificate of deposit, or by fraud or negligence aided in giving it currency; and it is also necessary that the facts constituting the fraud or negligence must be set out in the complaint. It is also contended by appellant that testimony was refused by the court to go to the jury. We think the testimony refused would not in the least have tended to change the result. And it is further contended that the motion for a new trial should have been sustained, supported as it was by affidavits of newly-discovered testimony. We think not. The newly-discovered testimony is of the same general nature as that already admitted, and could not affect the legal result. We see no errors in the record.

Judgment affirmed.

ZANE, C. J., and ANDERSON, J., concurred.