FORTNER *v.* WIGGINS *et al.*

1. A will attested by only two witnesses is void on its face, and it is never too late to urge its invalidity.
2. A petition which alleges that the plaintiff, the son of a decedent who left a paper purporting to be his last will and testament but which was attested by only two witnesses, consented that the paper be admitted to probate as the will of the decedent, upon consideration of a promise by the beneficiaries of the paper that they would, at the expiration of a life-tenancy therein created, convey to him property sufficient to make his share equal to theirs,

that he has fully performed his part of the contract, that the life-estate referred to is at an end, and that the defendants refuse to abide by their agreement, and praying for specific performance of the contract by the defendants, sets out a cause of action, and should not be dismissed on demurrer.

Argued July 16, — Decided October 17, 1904.

Equitable petition.    Before Judge Parker.    Johnson superior court.    September 21, 1903.

Swain M. Fortner died in March, 1881, leaving a will in which he gave to his widow, for life, a described tract of land, with remainder after her death to his two daughters, Millie E. Frost and Nancy D. Wiggins.    His son, O. S. Fortner, was made an executor of the will, which was witnessed by only two persons, but which was, by consent of the parties at interest, admitted to probate.    The exact date of the probate does not appear from the record.    In 1897 O. S. Fortner filed an equitable petition, in which he alleged, among other things, that his father had made advancements to certain of his children, and had intended to purchase real estate for the petitioner, equal in value to the advancements made to the other children, but died before he had an opportunity to do so; that before the petitioner, as executor, would consent to have the will probated, he "required Nancy D. Wiggins and Millie Frost to agree that as soon as Mrs. Sophire Fortner's life-estate terminated, they would make petitioner equal to their interest by deeding to him an amount of land equal in value to what would be left to them after the part given to the said O. S. Fortner had been deducted from the amount left under the will to them by their father;" that petitioner in good faith carried out his part of the agreement, by having the will set up; that Nancy D. Wiggins and Millie Frost, the defendants, refuse to comply with their part of the agreement; that they practiced a fraud upon him by procuring his consent to allow the will to go to probate by means of false promises made him; and that prior to the death of the life-tenant, which occurred in August, 1897, Nancy D. Wiggins sold her reversionary interest in the land to one James, but that James took with full knowledge of petitioner's equity and subject thereto.    He prayed, that the deed from Nancy D. Wiggins to James be declared null and void, so far as it conflicts with his rights or hinders Nancy D. Wiggins,

from complying with her agreement; that Nancy D. Wiggins and Millie' Frost be required to perform their promise, by making him a fee-simple title to one third of the land in dispute; and that "in the event that it should appear more expedient," the judgment of the ordinary probating the will of Swain M. Fortner be vacated and set aside and administration ordered on the estate, and that the provisions made for the children to whom lands were deeded by Swain M. Fortner be accounted for as advancements, and the administrator be required to pay the debts of the estate before a division of the estate is had; also for process directed to Millie Frost, Nancy D. Wiggins, and J. T. James.

The defendants demurred on the grounds, that there was no equity in the petition; that the plaintiff is estopped from denying the validity of the writing established as the will of Swain M. Fortner; and that the relief prayed for is inconsistent with the rules of law and equity, and involves the rights of persons not made parties defendant to the suit. The demurrer was sustained, and the plaintiff excepted.

*V. B. Robinson* and *J. L. Kent,* for plaintiff.

*Evans & Evans, W. R. Daley, R. L. Gamble,* and *A. S. Bussey,* for defendants.

CANDLER, J. "A will attested by only two witnesses is void, and can derive no aid from probate and being admitted to record. The judgment of probate is not merely erroneous, but an absolute nullity on its face. No motion to set it aside is requisite, nor is it ever too late to urge its invalidity." *Cureton* v. *Taylor,* 89 *Ga.* 490. See also *Gay* v. *Sanders,* 101 *Ga.* 601. The cases cited effectually dispose of the contention that the plaintiff is estopped to deny the validity of the paper admitted to probate as the will of his father, even though he himself propounded it. We have, then, as the case made by the petition, a contract entered into between the plaintiff and two of the defendants, executed by the plaintiff, while the defendants refuse to perform their part of the agreement. It was alleged that James, the purchaser of part of the land, took with full knowledge of the rights of the plaintiff, and a copy of the petition was served upon him as one of the defendants. The suit was timely; for the plaintiff's rights did not accrue until the expiration of the life-tenancy, and the petition

was filed immediately thereafter.     We are of the opinion that a
cause of action was set out, and that the demurrer should have
been overruled.

Judgment reversed.     All the Justices concur, except Evans, J.,
disqualified.