## BANKERS TRUST AND AUDIT COMPANY *v.* FARMERS AND MERCHANTS BANK.

1. A contract entered into by a duly organized bank for the future payment of a salary to its fiscal agent is lacking in consideration in so far as the recited consideration relates to "services already rendered and to be rendered in promoting and organizing said bank."
2. It can not be said, from the facts disclosed, that a recited consideration in a contract based upon services already rendered and to be rendered in promoting and organizing a bank contravenes public policy.
3. The contract described in the third certified question is lacking in mutuality, because of the provision that the fiscal agent, one of the parties to the contract, may at any time terminate the contract should it "become dissatisfied with the management and operation of the said bank."

No. 5498. DECEMBER 16, 1926.

Questions certified by Court of Appeals (Case No. 16985).

*Clement & Campbell,* for plaintiff.

*R. A. Harrison, H. J. Griffin,* and *Jones, Park & Johnston,* for defendant.

GILBERT, J. 1. The Court of Appeals certified the following question: "Is a contract entered into by a duly organized bank for the future payment of a salary to its fiscal agent lacking in consideration in so far as the recited consideration relates to 'services already rendered and to be rendered in promoting and organizing said bank'?" The general rule is that a past consideration will not support a subsequent promise. 1 Elliott on Contracts, § 213; *Shealy* v. *Toole,* 56 *Ga.* 210; *Willingham Sash &c. Co.* v. *Drew,* 117 *Ga.* 850 (45 S. E. 237); *Dutton* v. *Faulk,* 159 *Ga.* 736 (2) (126 S. E. 718); and see *Powell* v. *Georgia &c. Ry. Co.,* 121 *Ga.* 803 (49 S. E. 759); *Neal* v. *Stanley,* 17 *Ga. App.* 502 (87 S. E. 718). To this general rule there are some exceptions,

---

Contracts, 13 C. J. p. 337, n. 67; p. 338, n. 69; p. 359, n. 7; p. 360, n. 10; p. 427, n. 51.

Corporations, 14 C. J. p. 282, n. 61.

depending upon the facts in each instance. In *Hudson* v. *Hudson*, 90 *Ga.* 581 (16 S. E. 349), it was held that "Ordinarily, where one renders in behalf of another valuable services which are accepted by the latter, the law raises in favor of the former an implied promise to pay for the same, although no formal or express contract to pay has been made." That rule does not apply in this case, for two reasons. First, from the question propounded it does not appear that the services were rendered to the banking corporation. At the time the services were rendered there was no such banking corporation. Its entity had not been created; and not having been created and not being in existence, it could incur no liability nor receive any benefits. If the services rendered were of benefit to any one, it must have been to those promoting the project of forming the banking corporation. A corporation is not liable for services performed or expenses incurred prior to its organization. Rockford &c. R. Co. *v.* Sage, 65 Ill. 328 (16 Am. R. 587) ; N. Y. &c. R. Co. *v.* Ketchum, 27 Conn. 170. In the latter case it was said: "It is soon enough for corporate bodies to enter into contracts incumbering their property, when they are duly organized according to their charters and have their chosen and impartial directors to conduct their business." Compare Franklin Fire Ins. Co. *v.* Hart, 31 Md. 59; Safety &c. Ins. Co. *v.* Smith, 65 Ill. 309; Anderson *v.* Timberlake, 114 Ala. 377 (22 So. 431, 62 Am. St. R. 105) ; Van Hummell *v.* International &c. Co., 23 W. L. R. (Manitoba) 248 (Ann. Cas. 1913E, 1163) ; Shattuck *v.* Eastman, 94 Mass. 369 ; and see the elaborate annotation to the case of Moore &c. Hdw. Co. *v.* Towers Hdw. Co., 87 Ala. 206, in 13 Am. St. R. 28 (6 So. 41) ; 7 R. C. L. 74, § 54; 14 C. J. 282, § 332 et seq.

In some cases it has been held that where services are performed by promoters in the organization of a corporation, such services being beneficial to the corporation and such benefits having been accepted by the corporation with the knowledge and consent of all stockholders, there is an implied promise on the part of the corporation to pay for such benefits the reasonable value of such services. They would seem, however, to imply an obligation based upon a quantum meruit. The suit in the present case is based upon contract, and not upon quantum meruit. It follows, therefore, that the petitioners must recover on a contract with the cor-

poration based upon a valid consideration. Under the facts stated in the question, the case seems to fall under the general rule that a past consideration will not support a subsequent promise. Secondly, the question concerns (1) services already rendered and (2) services to be rendered—"in promoting and organizing said bank." In other words, both the services already rendered and to be rendered are in "promoting and organizing said bank." When the contract was signed on which the suit was based the bank had been organized; and consequently that part of the consideration which refers to services "to be rendered" would seem to be impossible. If the bank was already organized, no services were needed to promote and organize the bank.

2. The second question is: "Would such portion of the recited consideration be invalid for the reason that the promise based thereon contravenes public policy, in that it seeks to charge the assets of a bank with payment for services of such character?" Whether such a consideration would contravene public policy would depend upon the facts. It can not be said that such a consideration in all cases would be void for that reason, as indicated in the preceding division of the opinion. In the case of *Smith* v. *DuBose,* 78 *Ga.* 413, 435 (3 S. E. 309, 6 Am. St. R. 260), this court said: "What is public policy? And where must we look to find it? And in ascertaining and applying it to the transactions of life, by what rules and precautions are the courts to be guided? On this latter topic, it is manifest from many decisions that judicial tribunals hold themselves bound to the observance of rules of extreme caution when invoked to declare a transaction void on grounds of public policy; and prejudice to the public interest must clearly appear before a court would be warranted in pronouncing the transaction void on this account. In Richmond vs. Dubuque and Sioux City Railroad Co., 26 Iowa, 190, 202, it is said that 'the power of courts to declare a contract void for being in contravention of sound public policy is a very delicate and undefined power, and, like the power to declare a statute unconstitutional, should be exercised only in cases free from doubt.'" It is within the power of the General Assembly to declare the public policy of this State. It has not done so on the question here propounded. In considering the question of whether remuneration for services in promoting and organizing a bank is lawful or unlawful, the

courts will look to the facts and determine whether there has been any fraud, concealment, or unreasonable charge; whether the services have benefited the banking corporation; and whether its capital stock has been impaired. The answer in any given case will depend upon the facts of that case.

3. The third and last question is: "Is the contract sued on lacking in mutuality so far as it relates to payment for services to be rendered by the fiscal agent, because of its provision that 'should the said company [the fiscal agent] at any time become dissatisfied with the management and operation of the said bank, then it may terminate its contract and take such steps as it may deem proper to sever its connection with and dispose of its interest in said bank'?" We answer this query in the affirmative. Compare *Buick Motor Co.* v. *Thompson,* 138 *Ga.* 282 (75 S. E. 354); *National Surety Co.* v. *Atlanta,* 151 *Ga.* 123 (106 S. E. 179); *Oliver Construction Co.* v. *Reeder,* 7 *Ga. App.* 276 (66 S. E. 955); 13 C. J. 337, § 188. This ruling is not in conflict with the case of *Mackenzie* v. *Minis,* 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723). That case merely holds that one of the parties to the contract which was involved could legally terminate the same. It does not hold that the contract was binding on the other party.                    *All the Justices concur.*