## Clyde D. Pence, Appellee, v. The West Side Hospital of Chicago, Appellant.

### Gen. No. 35,484.

Heard in the third division of this court for the first district at the October term, 1931. Opinion filed March 16, 1932.

WILLIAM H. NOBLE, for appellant.

HENRY W. OLSCHNER, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

Plaintiff, a director and vice president of defendant company, brought his action in the municipal court to recover for services rendered at the special instance and request of the defendant while acting as manager for the defendant company during the year 1928. The cause was tried before the court without a jury, resulting in a finding, in favor of plaintiff, assessment of plaintiff's damages at the sum of $600, and judgment on the finding.

Plaintiff testified that he was a practicing physician in the City of Chicago and that he had a talk with one Davis, president of the defendant company, in which he told Davis that he could not afford to put in so much time at the hospital without being paid for his services, and asked to be given $1,000 a year for such services; that it was finally agreed between himself and the president that he was to receive $600 and that he was paid $600 annually for the years 1923, 1924, 1925, 1926 and 1927. Plaintiff further testified that he rendered the same services during the year 1928 and that this was done with the knowledge of the defendant company under the previous arrangement, but defendant refused to pay for the services. He testified as to what he did during the year, and from his testimony it appears that the services performed were different from those ordinarily required of a director or vice president of a corporation. The evidence clearly demonstrates the fact that the plaintiff performed services which required his daily attendance at the hospital and were such as are usually required of a general manager.

Defendant offered in evidence the by-laws of the corporation, from which it appears that in the president's absence the duties shall be performed by the vice president and that no officer or director of the corporation should receive any salary as such officer or director. Defendant insists that a contract with a director of a corporation for compensation for his official duties in the absence of a by-law or resolution of the board of directors is illegal; that there was no such resolution; that the president of the corporation had no authority to bind it for such services as were rendered by the plaintiff, and that the duties rendered were such as should have been rendered by the plaintiff as vice president and a director.

The general rule as announced by counsel for defendant is correct, namely, that in order to entitle an officer of a private corporation to receive compensation for the performance of the duties of his office it is necessary that such compensation be authorized by the board of directors or by the by-laws of the company. Where, however, services are rendered by an officer of a corporation, which are outside and apart from those imposed upon him by virtue of his office, he may recover compensation for such services if they were rendered at the request or acquiescence of the corporation. The Supreme Court of this State in the case of *Chicago Macaroni Mfg. Co. v. Boggiano,* 202 Ill. 312, in its opinion says:

"While the principle is well established that in order to entitle an officer of a private corporation to receive compensation for the performance of the duties of his office it is necessary such compensation should have been authorized by the board of directors or by the by-laws of the company, it is also the rule that for the performance of duties or services outside of and apart from those imposed upon him by virtue of his office, such officer may, if such extraordinary services were

rendered at the request or with the acquiescence of the corporation, recover upon a *quantum meruit*. (*Rockford, Rock Island and St. Louis Railroad Co. v. Sage*, 65 Ill. 328; *Cheeney v. Lafayette, Bloomington and Mississippi Railway Co.*, 68 id. 570; *Gridley v. Lafayette, Bloomington and Mississippi Railway Co.*, 71 id. 200; 21 Am. & Eng. Ency. of Law, — 2d ed.—909.)''

The Supreme Court in the case of *Stevens v. Industrial Commission*, 346 Ill. 495, in its opinion again laid down the rule:

''It is well established that the directors of a corporation cannot receive compensation for the performance of their duty as directors or as officers of the corporation unless compensation is provided for by a by-law or resolution of the board of directors before the services are rendered. This rule applies to a director who is the president, vice president, secretary or treasurer of a corporation, but it does not apply to a director or officer who has performed necessary services entirely outside the scope of his duties as a director or officer, at the instance of the officers of the corporation having general authority over the affairs of the corporation, under an express promise of payment for such services or under such circumstances as raise an implied promise to pay for them. *Rockford, Rock Island and St. Louis Railroad Co. v. Sage*, 65 Ill. 328; *Cheeney v. Lafayette, Bloomington and Mississippi Railway Co.*, 68 id. 570; *Holder v. Lafayette, Bloomington and Mississippi Railway Co.*, 71 id. 106; *Chicago Macaroni Co. v. Boggiano*, 202 id. 312; *Pew v. First Nat. Bank*, 130 Mass. 391; *Fitzgerald & Mallory Construction Co. v. Fitzgerald*, 137 U. S. 98.''

From the evidence it is clear that the defendant corporation acquiesced in and consented to the performance of the services by the plaintiff and from the evidence in the record it is clear that these services were outside of and apart from the usual and ordinary

services rendered by a director or vice president. There is ample evidence to sustain the judgment of the trial court.

For the reasons stated the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and FRIEND, J., concur.