### 43331. MADDOX et al. v. LODEN.

PANNELL, Judge. Plaintiff purchaser of an apartment house sued the defendant seller on a contract dated August 15, 1966, which recites: "Whereas, on this date the parties hereto have consummated the sale of property located at 1872 Wycliff Road, N. W., said property having a four (4) unit apartment dwelling upon the same, said transaction being pursuant to an agreement of sale bearing date of July 16, 1966, and showing acceptance by the sellers on July 22, 1966, and whereas, certain conditions of *said sales agreement require further performance by the sellers after this date;* now, therefore, in consideration of the purchase of said property by the purchaser and as an inducement of said sale, the parties hereto agree as follows: . . ." The suit is brought in two counts, one count seeking recovery of damages for failure of the seller to do certain designated repair work on the apartment as agreed in the contract at a price agreed on, and the other count seeking the recovery of damages for breach of another provision of the agreement whereby the seller agreed to "pay for any damage to other work resulting" from "faulty materials or workmanship." A general demurrer to each count of the petition was overruled, and the defendant appeals. *Held:*

The petition, as to each count, is not subject to the general demurrers interposed, which were interposed and argued in this court on the grounds that the contract sued upon is without consideration and nudum pactum. See *Code* § 20-302. The recitations of the contract, taken as true on demurrer, show a sufficient present consideration for the contract rather than a "past consideration" as in *Bankers Trust &c. Co. v. Farm-*

*ers & Merchants Bank,* 163 Ga. 352 (1) (136 SE 143). The petition does not show that the agreement on the part of the seller is an agreement "to do what he is already bound to do" as in *Johnson v. Henson,* 188 Ga. 639, 644 (2) (4 SE2d 561). Accordingly, the trial court did not err in overruling the demurrers to the two counts of the petition.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 9, 1968—DECIDED JANUARY 15, 1968.

*Huie & Harland, Terrill A. Parker,* for appellants.
*Long, Weinberg & Ansley, Charles E. Walker,* for appellee.