## 27806. ROBERTS v. HARRELL et al.

JORDAN, Justice. As here pertinent the amended complaint of Mrs. Shirley B. Roberts alleges that she was divorced from the defendant L. C. Harrell, Jr., on May 2, 1970; that at the time of signing an agreement made a part of the decree and thereafter this defendant agreed that the plaintiff would and should have the real estate described in her complaint, and promised to convey full title to her; that pursuant to the agreement she remained in possession of the property, is still in possession, and has made payments to satisfy the lien on the property, and made improvements, but that this defendant had refused to convey the property. She also alleged that the other defendant, the father of her former spouse, knew of the agreement, but notwithstanding accepted a conveyance from her former spouse, discharged the existing lien, refinanced same, and acted in concert with her former spouse to defraud her of the property. She alleged further that the defendant L. C. Harrell, Sr., had made threats to her of bodily harm and property injury, i.e., to burn her out, which caused her to fear for her safety and the safety of the property in issue. She prayed specific performance, $10,000 damages from L. C. Harrell, Sr., and $15,000 damages from L. C. Harrell, Jr. The settlement agreement, dated March 20, 1970, and incorporated by reference in the complaint, merely provides that the plaintiff and children may occupy the home free of rent or any charges until August 1, 1970. The original complaint was filed on May 12, 1972.

Among other pleadings the defendants moved to dismiss the complaint because it is based upon an oral contract concerning land. The defendants also moved for a summary judgment, supported by documents

pertaining to the transfers of the property and the divorce decree and judgment authenticated by the Clerk of the Court.

The trial judge, stating that the defendants had consolidated the motion to dismiss with their motion for summary judgment and recognizing that the plaintiff relied solely on her verified amended complaint, granted summary judgment for the defendants. The appeal is from that judgment. *Held:*

Under the relaxed rules of notice pleading now in effect in this State the amended complaint must be viewed as stating a claim against both defendants with respect to specific performance of an oral contract to convey land, or damages in lieu thereof, in that the allegations are sufficient to admit proof of an oral agreement with one defendant, and known to the other, accompanied by other acts, which might be sufficient to support a determination that the alleged oral agreement may be enforceable within an exception to the Statute of Frauds. See *Gill v. Myrick,* 228 Ga. 253, 259 (1) (185 SE2d 72); Code Ann. §§ 81A-108 (a), 20-401 (4), 20-402, 37-802. Likewise, the amended complaint purports to state a claim in tort. See Code § 105-602. It is also elemental that a defendant who is a movant for summary judgment, in order to prevail, must pierce the pleadings of the plaintiff and show to the court that at least one essential element under any theory of recovery is lacking and incapable of proof. *Waldrep v. Goodwin,* 230 Ga. 1 (1) (195 SE2d 432). The defendants here, by pleading the Statute of Frauds, and by showing record title in themselves and others, and an expired right of bare possession, the terms of the divorce decree, have failed to pierce the complaint with respect to a theory of recovery by the plaintiff under an exception to the Statute of Frauds, and in respect to the defendant L. C. Harrell, Sr., have presented nothing to

pierce the tort claim. The movants for summary judgment failed in their burden and the trial judge erred in granting summary judgment.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 12, 1973 — DECIDED APRIL 13, 1973.

*Hugh P. Thompson,* for appellant.