## 29282. DAY v. TRIBBLE.

UNDERCOFLER, Justice.

This is an action for specific performance of an oral contract. Plaintiff contends that she consented to the probate of her mother's will upon the promise of her stepfather, sole devisee of the estate, that he would give her certain items of personal property and a life estate in the home place consisting of the residence and 26 acres of land. The jury found for the plaintiff. Defendant appeals. *Held:*

1. Under our present form of notice pleadings the petition set out a cause of action for specific performance. It was not error to deny the motion to dismiss. *Roberts v. Harrell,* 230 Ga. 454 (197 SE2d 704); *Fortner v. Wiggins,* 121 Ga. 26 (48 SE 694).

2. The evidence here will not support the award of a life estate and the trial court erred in submitting this issue to the jury. The plaintiff testified that the defendant stated, "If you sign it, then I promise you can live up here and have the car and the rings," and that she could "stay there" as long as she wanted. The plaintiff further testified the defendant never used the words "life estate" but that ". . . I asked him would I be able to live up there, and I figured that would mean the same thing . . . I just thought he meant that I could live up there, have somewhere to live."

In our opinion the evidence will only support a conclusion that the defendant promised the plaintiff a use or mere license in the home place and not a life estate. As stated in *Ray v. Ashburn Bank,* 212 Ga. 37 (89 SE2d 889), ". . . the deed containing a clause to the effect that the grantor reserved the right to occupy the conveyed land without paying rent 'so long as he desires to do so,' the reservation is not a life estate, since by its plain terms it may be terminated at will . . ."

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 4, 1974 — DECIDED NOVEMBER 18, 1974.

*Capes & Tarver, P. Russell Tarver,* for appellant.
*Charles D. Strickland,* for appellee.