### 53653. SANDS v. UNION CAMP CORPORATION.

BANKE, Judge.

The appellant was an employee of the appellee corporation from 1956 through 1973 and resided in a house owned by the appellee. In 1966, the appellant desired to build his own home. The appellee informed him, however, that to keep his job, he would be required to live in the company house, in which he could remain "for an indefinite period rent free." The appellant, believing that he had been granted a life estate, abandoned his plans to build a home. After the appellant ceased to work for the appellee, the appellee brought a dispossessory warrant. The appellant counterclaimed for damages. The trial court granted a judgment on the pleadings in the appellee's favor as to both the main action and the counterclaim, and the appellant appeals.

The trial judge did not err in granting judgment on the pleadings. Based on the Supreme Court's opinion in *Day v. Tribble,* 233 Ga. 242 (2) (210 SE2d 764) (1974), we hold that the grant of permission for one to remain on land "for an indefinite period rent free" does not, as a matter of law, create a life estate, even if the grantee believes it to do so. In *Day,* in consideration of the plaintiff's consent to the probate of a will, she was given permission to live on certain property for as long as she wanted, which she assumed to be the grant of a life estate. The Supreme Court held that, as a matter of law, the language was not sufficient to create a life estate and that the trial court erred in failing to direct a verdict.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED APRIL 11, 1977 — DECIDED APRIL 21, 1977 —
REHEARING DENIED MAY 11, 1977 —

*Joseph B. Bergen, Guerry R. Thornton, Jr., Cletus W. Bergen, II,* for appellant.
*Bouhan, Williams & Levy, M. Tyus Butler, Jr., Leamon R. Holliday, III,* for appellee.