### 35737. WHITMIRE v. WATKINS et al.

JORDAN, Presiding Justice.

On May 26, 1977, A. J. Whitmire, the appellant, filed his complaint in the Whitfield Superior Court seeking specific performance of a contract between himself and R. Lee and Lillie Mae Whitmire whereby the latter two allegedly agreed to devise certain land to the appellant in return for the appellant's performance of services.

The following undisputed facts were established at trial: The appellant lived with his brother, R. Lee Whitmire, and his brother's wife, Lillie Mae Whitmire, from 1923 until 1929. R. Lee Whitmire bought the contested land in 1925. During the years 1923-1929, the appellant performed a variety of services for R. Lee and Lillie Mae Whitmire. In 1944, and in the presence of Lillie Mae Whitmire, R. Lee Whitmire told the appellant that "when we're gone, this [land] is yours."

The record also reveals that the appellant failed to introduce any evidence that he had either taken possession of, or made valuable improvements upon, the land.

Following the close of the appellant's case-in-chief,

the trial court directed a verdict in favor of Stanley Watkins, the administrator of the estate of Lillie Mae Whitmire, and the appellant appeals. We affirm.

"If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." Code Ann. § 81A-150(a).

"Equity will specifically enforce a parol agreement entered into between two persons, by the terms of which one is to perform certain services during the lifetime of the other, and the latter is to convey certain land at or before his death *in consideration of* such services. . ." *Allen v. Bobo,* 215 Ga. 707, 709 (113 SE2d 138) (1960).

"The general rule is that a past consideration will not support a subsequent promise." *Bankers Trust &c. Co. v. Farmers &c. Bank,* 163 Ga. 352 (136 SE 143) (1926).

In the present case the appellant had fully performed, by 1929, the services which he argues constituted his consideration for R. Lee and Lillie Mae Whitmire's promise to devise to him the land. The promise to devise the land, however, was not made until 1944.

Accordingly, we hold that the undisputed evidence demands the finding that the only consideration for the 1944 promise to devise land was *past* consideration which does not suffice to convert a promise into a contract.

Finally, regarding the appellant's contention that the 1944 statement by R. Lee Whitmire constituted a valid *oral gift* of land, it is sufficient to note that "[t]o constitute a valid parol gift of land, it is necessary not only that the donee should take *possession* under the gift, but that he should make valuable *improvements* thereon upon the faith of the donor's. . .declared intention, to make the gift." *Foskey v. Dockery,* 241 Ga. 26, 27 (243 SE2d 70) (1978).

*Judgment affirmed. All the Justices concur.*

Argued January 16, 1980 — Decided April 8, 1980 —
Rehearing denied April 29, 1980.

*Johnson & Fain, Don W. Johnson, E. C. Tutwiler,* for

appellant.

*Wiggins & Patty, Clifton M. Patty, Jr., Glover & Davis, J. Littleton Glover, William E. Anderson, William H. Major, Patrick L. Swindall,* for appellees.