*District Attorney,* for appellee.

## 62092. MITCHELL v. MITCHELL.

CARLEY, Judge.

Appellant-wife and appellee-husband were divorced in 1970. The divorce decree apparently made no provision for the disposition of the real property on which was situated the marital home and appellee retained title thereto. After the divorce appellant remained in the house and appellee continued to make the payments on the loan secured by the property. This arrangement was uninterrupted until November 18, 1980, when appellee filed an "Affidavit for Proceeding Against Tenant Holding Over." Appellee alleged that appellant was occupying the house as his tenant and that she had refused his demand for possession. Appellant answered, denying that she was appellee's tenant and alleging "that she obtained said house through an agreement between herself and the [appellee]."

The case came on for trial with the judge sitting without a jury. The trial judge made findings of fact and concluded: "The relationship of landlord and tenant exist[s] between [appellee] and [appellant]. [Appellee] is entitled to a Writ of Possession for the premises . . ." Appellant appeals, asserting in her sole enumeration of error "that the findings of fact, conclusions of law, and judgment entered subsequent thereto, . . . , is contrary to the laws of Georgia." It is appellant's contention that she was granted a life estate in the property by appellee and that the finding that she was a mere tenant is not supported by the evidence.

"An estate for life may be created by deed or will, or by express agreement of the parties or operation of law . . ." Code Ann. § 85-602. Appellant asserts that a life estate was created by "express agreement." The agreement relied upon by appellant is not oral. See *Foskey v. Dockery,* 241 Ga. 26 (243 SE2d 70) (1978). Instead, appellant contends that a document, dated "9-5-77" and hand-written and signed by appellee, was his express agreement to grant a life estate to her. This document reads as follows: "To whom it may concern. I James H. Mitchell being of sound mind & good health do hereby leave the foll[ow]ing property 1. House with full basement located in Clayton Co. at 7124 Lady Heidi Court Jonesboro, Ga. to my ex-wife Anne Mitchell as long as she lives & then to my daughter Peggy Anne Tinsley." Appellant does not assert that this document was supported by the consideration necessary to convert whatever promises appellee made therein into a contract enforceable against

him. See *Whitmire v. Watkins,* 245 Ga. 713 (267 SE2d 7) (1980). The document is enforceable, if at all, as an inter vivos gift of the property from appellee to appellant. It is clear however that by its very terms the document is testamentary in nature and does not constitute a valid inter vivos gift to appellant of a life estate in the property. See *Guest v. Stone,* 206 Ga. 239 (56 SE2d 247) (1949). The trial court did not err in holding that this document conveyed appellant no interest in the property.

"[T]he grant of permission for one to remain on land 'for an indefinite period rent free' does not, as a matter of law, create a life estate, even if the grantee believes it to do so." *Sands v. Union Camp Corp.,* 142 Ga. App. 271 (235 SE2d 605) (1977). See also *Day v. Tribble,* 233 Ga. 242 (210 SE2d 764) (1974). "The facts here do not establish [appellant's] right to the [property by] a will, a gift causa mortis, a gift inter vivos, a trust, or a contract, and accordingly the court" did not err in holding her to be a tenant of appellee. *Guest v. Stone,* 206 Ga. at 243, supra.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 10, 1981.

*James W. Studdard,* for appellant.
*Joseph R. Baker,* for appellee.