[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14401
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-03260-TWT

JAMES B. TAFEL, JR.,

Plaintiff-Counter Defendant-
Appellee,

versus

LION ANTIQUE INVESTMENTS & CONSULTING SERVICES,

Defendant-Counter Claimant-
Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 1, 2012)

Before TJOFLAT, EDMONDSON, and COX, Circuit Judges.

PER CURIAM:

Lion Antique Investments and Consulting Services ("Lion") appeals the summary judgment granted in favor of James B. Tafel, Jr. ("Tafel") on Tafel's claim seeking a declaration that a promissory note is invalid and unenforceable. We affirm.

Tafel is the former CEO of Tafel Racing. In January of 2008, Tafel Racing and East Coast Jewelry ("East Coast") entered a purchase agreement for a Ferrari race car. Under the agreement, East Coast would pay Tafel Racing $700,000 in ten installments in exchange for the race car and some advertising services. No one disputes that Tafel Racing received most of this $700,000 but never delivered a car to East Coast.

On February 13, 2009, Tafel gave a non-negotiable[1] note (the "Note") to non-party Vladislav Yampolsky ("Yampolsky"), a partial owner of East Coast. Yampolsky later assigned his interest in the Note to Lion. In the Note, Tafel promised to pay Yampolsky the principal amount of $600,000 plus accrued interest of $22,454.14 "in consideration of advances by Yampolsky to Tafel, net of certain credits." (R. 1, Ex. A at 1.) According to the Note, a lien on Tafel's personal residence secured this debt. Nevertheless, Tafel has never made payment on the Note.

---

[1] The parties agree that the Note is not a negotiable instrument. (R. 37 at 3; R. 22-1 at 7.) Thus, Georgia contract law governs this appeal.

Tafel filed a complaint against Lion seeking a declaratory judgment that the Note was unenforceable due to a lack of consideration. Lion counterclaimed for breach of contract. Both parties filed motions for summary judgment. When ruling on the motions, the district court agreed with Tafel that the Note lacked consideration and granted Tafel's motion for summary judgment. Lion appeals. Lion challenges this ruling and raises the following issues[2]: first, whether adequate consideration supports the Note; and second, whether judicial estoppel prevents Tafel from challenging the validity of the Note.

"We review a grant of summary judgment by a district court *de novo*." *Gish v. Thomas*, 516 F.3d 952, 954 (11th Cir. 2008) (citing *Cruz v. Publix Super Mkts., Inc.*, 428 F.3d 1379, 1382 (11th Cir. 2005)). "We apply the same legal standards as the district court and view all facts and reasonable inferences in the light most favorable to the nonmoving party." *Id.* (citing *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1203 (11th Cir. 2001)). "[W]e review the district court's application of judicial estoppel for abuse of discretion." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (citing *Talavera v. Sch. Bd. of Palm Beach Cnty.*, 129 F.3d 1214, 1216 (11th Cir. 1997).

---

[2] Lion also argues that the district court erred by denying its motion for summary judgment seeking to enforce the Note. Because we hold the Note lacked adequate consideration, we conclude the district court did not err in denying Lion's motion for summary judgment.

Lion argues that the Note's recitals contain evidence of consideration. It also asserts that the Note resulted from a bargained for exchange. As evidence of this bargain, Lion suggests Yampolsky agreed to delay collection activities on a debt Tafel Racing owed East Coast, agreed to accept less than the statutorily allowed rate of interest on this debt, and reduced the amount owed on the debt. In exchange, Tafel secured the Note by placing a lien on his residence. We agree with the district court that neither the recited consideration nor this suggested bargain provide adequate consideration.

As the district court explained in its well-reasoned opinion, the recited consideration was past consideration and cannot support the contract. (R. 39 at 5); *see also Whitmire v. Watkins*, 267 S.E.2d 6, 7 (Ga. 1980) ("The general rule is that a past consideration will not support a subsequent promise." (quoting *Bankers' Trust & Audit Co. v. Farmers' & Merchants' Bank*, 136 S.E. 143, 143 (Ga. 1926))). The district court also correctly disposed of Lion's argument that a bargained for exchange establishes consideration for the Note. The court reasoned that there was no evidence East Coast assigned any claim it might have against Tafel or Tafel Racing to Yampolsky. (R. 39 at 7-8.) Nor does the evidence show Yampolsky agreed to forfeit any rights East Coast might have against Tafel Racing for Tafel Racing's failure to deliver a race car. (*Id.* at 6-7.) Thus, having considered the briefs

4

and relevant parts of the record, we hold the Note was unenforceable for the reasons stated in the district court's opinion.

We also hold that the district court did not abuse its discretion by failing to apply judicial estoppel. As Tafel highlights in his brief, Lion raised its judicial estoppel argument in its reply brief in support of its motion for summary judgment. (Appellee Br. at 32-33.) The district court had no obligation to consider an argument raised for the first time in the reply brief. *United States v. Ga. Dep't of Natural Res.*, 897 F. Supp. 1464, 1471 (N.D. Ga. 1995). Therefore, it did not abuse its discretion by failing to address this argument.

AFFIRMED.