916.   PADGETT *v.* WATERS, administrator, *et al.*

HILL, C. J. 1. Under the Civil Code, §4738, when an affidavit of illegality is filed on the levy of an execution, it is the duty of the levying officer to "return the execution, affidavit, and bond, to the next term of the court from which the execution issued." No exception to this rule arises by reason of the fact that the levy is upon land.

2. Where an execution issues from a justice's court and is levied upon land, and an affidavit of illegality is filed, it is the duty of the levying officer to return the papers to the justice's court for trial; and the superior court has no jurisdiction of the issue, except upon certiorari or appeal.

3. Statutory claim, and not illegality, is the remedy where property belonging to some person other than the defendant in fi. fa. has been levied

upon, or where property belonging to a person individually has been levied upon under a fi. fa. against that person in his representative capacity.                                     *Judgment reversed, with direction.*

Affidavit of illegality, from Tattnall superior court—Judge Rawlings.  October 30, 1907.

Argued February 17,—Decided May 7, 1908.

A justice's court execution against B. D. Kicklighter and J. B. Waters, administrator on the estate of D. L. Waters, deceased, was levied by a constable on certain land "as the property of J. B. Waters, administrator on the estate of D. L. Waters;" and an affidavit of illegality was interposed by J. B. Waters, as such administrator, on the following grounds: "1st. Because said fi. fa. fails to direct that it be levied upon the property to be found in the hands of affiant as administrator, said fi. fa. being against affiant as administrator, and affiant not having made any defense to the suit upon which the judgment was rendered that is the foundation of said fi. fa. 2d. Because the said fi. fa. is proceeding against the individual property of affiant, and said fi. fa. not being against this affiant individually, but as administrator only. 3d. Because the debt, the foundation of said fi. fa., was a debt against the defendant B. D. Kicklighter and the deceased D. L. Waters as partners, and said fi. fa. should proceed first against the partnership assets and property in the hands of said B. D. Kicklighter as surviving partner, and said fi. fa. can not legally proceed against the individual property of D. L. Waters, or of affiant as administrator, until said partnership property and assets have been exhausted, which has not been done. 4th. Because the debt, the foundation of said fi. fa., was an open account against said B. D. Kicklighter and D. L. Waters as partners, and it was not alleged in the original summons in the suit from which said fi. fa. issued that said partnership and said surviving partner were insolvent."

Afterwards, in the superior court, the plaintiff in execution was allowed to amend the judgment so that it would be against J. B. Waters in his representative capacity alone, and to strike from it the words, "if not to be found, to be levied upon the personal goods and chattels, lands, and tenements of the administrator, J. B. Waters." The affidavit of illegality was sustained by the superior court "because the levy appears to be made on the individual property of the administrator." The plaintiff in execution excepted.

The Court of Appeals, in its judgment reversing the judgment of the superior court, directs "that the affidavit of illegality and all other papers in the case be returned to the justice's court having jurisdiction thereof."

*W. T. Burkhalter,* for plaintiff.

*Isaiah Beasley, Hines & Jordan,* for defendants.