McWILLIAMS *et al. v.* CITY OF TALLAPOOSA.

BECK, J. 1. An act approved December 23, 1896 (Acts 1896, p. 247), constitutes the charter of the City of Tallapoosa. Section 9 of that act contains provision for the making of tax returns by property owners, and for the assessment for taxation of all the lots and parcels of land within the city at their reasonable and just value; it provides further, that the council of said city shall make out, between the first days of April and July in each year, a complete list of all lots of land in the city, which list shall show the names of the owners and matters of description, as well as the value of each lot or parcel of land as assessed by the city council; and it further provides: "If the owner of any real or personal property conceives that said city council have placed too great a value on such property, such owner or his agent may have such assessment reviewed by the mayor and council of said city, who shall assess such property at its reasonable and just value, and their decision shall be final in the premises; and if any taxpayer in said city think that said city council have placed too low an estimate on any property therein, such person shall have the right to have such assessment reviewed by the said mayor and council, whose action shall be final as aforesaid. The list of all real estate assessed as herein provided, and all personal property returned by the owner, or assessed as herein provided, shall be completed by said city council on or before the 15th day of August; and within fifteen days thereafter said mayor and council shall ascertain and declare the rate to be levied and collected from such assessment and returns." The remainder of said section relates to the time when the taxes so levied shall become due, and to the collection of the same. *Held,* that section 9 of the quoted act is not violative of the provisions of the constitution of the United States and of the State of Georgia which declare that no State shall deprive any person of property without due process of law, on the ground that the section under consideration "attempts to make final the action of said mayor and council in the assessment of property for taxation,.

whatever may be the value at which they may assess property, and irrespective of whether their action in the premises is done in good faith or fraudulently, and attempts to deny to property owners any right of review of the justice and fairness of such assessments, and attempts to confer on the mayor and council of said city authority to confiscate property in said city under the guise of assessing the same for taxation; and in that said section does not provide for notice to property owners of the assessment of their property, nor does said charter elsewhere provide for such notice, nor does said charter or said section thereof provide them a reasonable opportunity to be heard, nor does said charter or said section thereof provide for any notice whatever of the time and place for a review of an assessment made by said council." 4 Dillon on Municipal Corporations (5th ed.), § 1365. *City Council of Augusta* v. *Pearce*, 79 *Ga.* 98 (4 S. E. 104); *Bower* v. *Mayor etc. of Bainbridge*, 116 *Ga.* 794 (43 S. E. 67).

2. The other questions in the case arise out of the issues of fact made under the evidence submitted at the hearing; and under the evidence contained in the record the court did not err in refusing the interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*

DECEMBER 15, 1911.

Petition for injunction. Before Judge Edwards. Haralson superior court. January 12, 1911.

*J. M. & H. J. McBride,* for plaintiffs.
*Lloyd Thomas* and *M. J. Head,* for defendant.