## VANDUZER *v.* IRVIN.

1. Notwithstanding the charter of the City of Elberton (Acts 1896, p. 148) authorizes one against whom a municipal execution is being enforced by levy to make defense thereto by affidavit of illegality, a mandamus will not be granted to compel the levying officer to accept such affidavit, where the defense therein pleaded is insufficient in law.

2. The defense alleged in the affidavit in this case is insufficient in law.

(*a*) Section 17 of the charter (Acts 1896, p. 148), which provides for the assessment and valuation of property for taxation by a board of assessors, and requires notice to the taxpayer and an opportunity to be heard, and that the assessments shall be fixed according to the facts developed at such hearing, if one is had, is not unconstitutional as depriving the taxpayer of due process of law.

(*b*) This section of the act is not affected by the act approved August 13, 1910 (Acts 1910, p. 22).

(*c*) The payment of an amount based on the taxpayer's valuation of his property is no bar to the collection of the remainder of his tax calculated on the valuation fixed by the assessors.

(*d*) The averment in the affidavit that the tax is levied to pay in part certain alleged illegal indebtedness, without stating how much of the tax demanded is for such alleged illegal indebtedness, or facts from which the amount can be ascertained, is insufficient to form any issue between the municipality and the taxpayer as to his disputed liability for any particular sum.

AUGUST 15, 1912.

Petition for mandamus. Before Judge Meadow. Elbert superior court. September 2, 1911.

*C. P. Harris,* for plaintiff.      *Worley & Nall,* for defendant.

EVANS, P. J. I. C. VanDuzer filed his petition against W. H. Irvin, chief of police of the City of Elberton, praying for a mandamus absolute to compel the defendant to accept and return to the proper court for trial an affidavit of illegality to a municipal tax fi. fa. which the defendant was seeking to enforce, and to enjoin the defendant, pending the hearing and determination of his petition for mandamus, from further proceeding with the fi. fa. The

substance of the affidavit of illegality is, that in 1910 there existed no law requiring property owners in the City of Elberton to make a return of their property subject to taxation; nevertheless the plaintiff made a voluntary return of his property at a valuation fixed by himself, which was alleged to be just and equitable, and he paid the taxes assessed on this sum by the city authorities; that the city authorities ignored the valuation placed upon his property by himself, and assessed the same at a larger sum, the assessment being by the board of tax assessors by virtue of section 17 of the charter of the city, as contained in the Acts of 1896, p. 153; and that the fi. fa. which is now proceeding against the plaintiff is for the difference between the taxes calculated at the assessed rate upon the amount for which the plaintiff returned his property and the assessment placed thereon by the board of assessors. It is averred that this assessment is void, because it is opposed to the due-process clause of the constitution, because he was not given an opportunity to have the valuation of his property submitted to arbitration, as provided by the act approved August 13, 1910 (Acts 1910, p. 25); and because several items of alleged indebtedness for the payment of which the tax was assessed were illegal, and for the payment of which the city authorities could not legally collect taxes. In the bill of exceptions it is stated that "No evidence was introduced upon the trial of said case, but the case was tried solely on the pleadings, the defendant's answer being treated as a general demurrer to the plaintiff's petition." The court denied the mandamus, and revoked the restraining order previously granted; and exception is taken to this judgment.

1. If the statute provides that a taxpayer may contest the validity of the tax or the legality of the process to collect it by affidavit of illegality to the fi. fa., then the officer to whom is entrusted the enforcement of the fi. fa. must accept the illegality, and return it to the proper court for trial. This would be his plain duty, and for a refusal to perform it the writ of mandamus is an appropriate remedy. It is otherwise where the remedy of affidavit of illegality is not given by statute. *Webb* v. *Newsom,* 138 *Ga.* 342 (75 S. E. 106). Section 20 of the act incorporating the City of Elberton (Acts 1896, p. 148) is as follows: "Be it further enacted by the authority aforesaid, That should an affidavit of illegality be filed to an execution issued by the authorities of said city (which may be

done under the same rules that prevail in State courts), or any property levied upon be claimed by a person not a party to the execution, said claim shall be interposed under the sames rules, restrictions, and regulations that govern claim cases in the courts of the State, and such claims and illegalities shall be returned for trial to the justice's court or notary's court that is held in the City of Elberton, or the city court or superior court of Elbert county, the one having jurisdiction, as the case may be." It is contended that no illegality can be filed against executions issued by the City of Elberton, except and under the same rules prevailing in the State courts, and that the general remedy by illegality exists only against executions issuing on judgments. *City of Atlanta* v. *Jacobs,* 125 *Ga.* 528 (54 S. E. 534). This construction of the parenthetical clause contained in that section is entirely too narrow. The plain purport of the entire section is to provide for the contest, by affidavit of illegality, of liability under executions issued by the city, and we think it is broad enough to include resistance to the summary enforcement of an illegal tax by execution as well as any other executions.

But it does not follow that the levying officer who is proceeding to enforce à tax fi. fa. must accept and return to the proper court every so-called affidavit of illegality. The averments of the affidavit of illegality must distinctly disclose that the taxpayer either is not liable at all, or, if liable for any amount, the extent of the disputed liability must be made to appear.

The facts set up by the plaintiff in his affidavit of illegality in this case were insufficient to form an issue. He is in error as tc the validity of section 17 of the act as to the assessment of property by assessors. The act specifically provides for the appointment of tax assessors, who are to value property subject to taxation, whether given in by the owner or not, and that the taxpayer shall be given notice of the assessment and an opportunity to be heard before the assessment shall become final. He is thus given due process of law. *McWilliams* v. *Tallapoosa,* 137 *Ga.* 283 (73 S. E. 510). He is also in error as to the applicability of the act approved August 13, 1910 (Acts 1910, p. 22). This act provides for the method of assessing and collecting taxes where no adequate provision is made in the act authorizing the tax, or in the general law, for giving the taxpayer notice and opportunity to be heard as

to the valuation and taxability of his property. This act is intended to supplement such tax laws as provide for the assessment of property where the taxpayer is not given notice and opportunity of hearing, and is not intended to apply to cases where the law for the levy of the tax provides for notice of its assessment. The fact that he has paid a part of his taxes on the valuation of his property is no reason why the city can not proceed to collect the balance, made upon the increased valuation of the assessors.

It is alleged that certain items entering into the budget of expenses of the City of Elberton, and for which the tax was levied, did not constitute a legal indebtedness of the city. The affidavit does not undertake to say that the amount of the fi. fa. represents his part of that indebtedness, nor do the averments of the affidavit furnish any data as to what his proportionate part of the alleged illegal indebtedness would be. Indeed, no effort is made to do this. If municipal authorities include in a tax levy items of expense for the payment of which no tax can be legally levied, a taxpayer in his own behalf, as well as for other taxpayers, may enjoin the levy of the tax until it is purged of illegality. But when the municipal charter provides for a defense by affidavit of illegality against the enforcement of a fi. fa. for a particular amount, and the taxpayer does not attack the legality of the entire levy, but only a certain amount thereof, in order to make the remedy available he must directly state, or allege facts from which it may be inferred, the exact amount of the illegal tax which the municipality is undertaking to collect. Otherwise no issue can be joined as to the proper amount due by the taxpayer. For the sake of the argument, let us admit that some or all of the items were debts which could not be legally collected, and that the complaining taxpayer's share of them was but a trifle as compared with the execution levied against him; if he really owed a part of the taxes for which the execution issued, it would be his duty under the general law (Civil Code, § 6287) to pay that which is due, in order to contest that which is not due. If it is impracticable to do this, a taxpayer in such case may proceed in equity to restrain the municipality from paying the illegal debts, or from assessing any taxes to pay the same. The affidavit of illegality being insufficient in law to raise any issue, the sheriff properly refused to accept the same, and there was no error in refusing the mandamus absolute.

*Judgment affirmed. All the Justices concur.*