SHEWMAKE BROTHERS COMPANY v. DOMINY, tax-collector, *et al.*

1. When a taxpayer fails to make returns to the tax-receiver of his property subject to taxation in this State, as required by law, it becomes the duty of the tax-collector to search out all taxable property not returned to the tax-receiver, or not found on the tax digests, and to enter such property on a book kept for that purpose, and to assess and collect the taxes due thereon.

2. "When the owner of property has omitted to return the same for taxation at the time and for the years the return should have been made, such owner is required to do so for each year he is a delinquent, said return to be made under the same laws, rules, and regulations as existed during the year in default."

3. Where the owner of property was in default in making returns of his property for certain years, and was notified by the tax-collector to do so, and then made a return at a valuation which in the opinion of the collector was below its true value, and the collector assessed it at a higher valuation; and where no arbitration was asked for by the owner as to the valuation of the property, but an agreement was entered into between the owner and collector, by the terms of which the owner paid a certain portion of the taxes on the assessed valuation in cash, and agreed to pay the balance shortly thereafter, but failed to do so, and the collector issued an execution and caused it to be levied on other property of the owner, which was advertised for sale thereunder, it was not error, under the facts of the case, to refuse an injunction against such sale.

4. Where notice to the owner is provided, and the right given him to arbitrate the assessed valuation of the property, this affords due process of law.

5. Where lands are sold under an executory contract, the purchase-money notes in the hands of the vendor are subject to taxation, notwithstanding the lands in the hands of the vendee are also assessed for taxation. This does not constitute "double taxation."

No. 342.  JANUARY 21, 1918.

Petition for injunction.  Before Judge Kent.  Laurens superior court.  March 31, 1917.

Shewmake Brothers Company, a corporation, failed to return certain of its property for State and county taxation for the years 1914 and 1915.  In 1916 the tax-collector of Laurens county gave the company written notice to make returns of its taxes for the years named.  In response the secretary and treasurer of the company made returns of the company's property for taxation as for 1914 and 1915.  The tax-collector refused to accept the return, on the ground that the property was returned at too low a valuation, and notified the company that the return had been raised.  The company had returned the property at $15,000 for each of the two years, and the tax-collector assessed the property (notes for approximately $127,000 face value, Jan. 1, 1914) at $82,000 for the year 1914, and at $75,333 for the year 1915.  Notice of this assessment was given to the company.  No demand was made for arbitration of the values of the property assessed.  On August 7, 1916, two fi. fas. were issued by the tax-collector for the amount of the taxes as assessed by him.  On Oct. 14, 1916, each fi. fa. was levied, and the property levied upon was advertised for sale on the first Tuesday in December, 1916.  Before that date the company made an offer of settlement, namely, to pay $500 in cash, $1,000 on Jan. 1, 1917, and the balance on Feb. 1, 1917, which offer was accepted by the tax-collector.  $500 of the amount agreed upon was paid Dec. 6, 1916, and the sale of the property advertised was postponed according to agreement.  The company failing to comply with its offer to pay $1,000 on Jan. 1, 1917, the property was again advertised for sale on the first Tuesday in Feb., 1917.  The company then filed its petition alleging that the fi. fas. were void for the reason that the tax-collector had no authority of law to increase the value of the property as returned by the company, and praying for an injunction against the sale of the lands levied on, for cancellation of the fi. fas., and for general relief.  The judge granted a temporary restraining order which, on the interlocutory hearing, he dissolved, and denied an injunction.  The plaintiff excepted.

*J. S. Adams* and *Reynolds & Whitman,* for plaintiff.

*M. H. Blackshear,* for defendants.

HILL, J. (After stating the foregoing facts.) Section 1211 of the Civil Code of 1910 provides that it shall be the duty of the tax-collector "to search out and ascertain, as far as possible, all polls and professions, and all taxable property not returned to the receiver or not found in his digests." And section 1206 prescribes as the form of oath to be taken by tax-collectors, in part, as follows: "I will search out and make a true return of all defaulters, polls, professions, and all taxable property not found on the tax-receiver's digest, or not returned to the clerk of the superior court by the fifteenth of August," etc. Section 1055 provides: "When the owner of property has omitted to return the same for taxation at the time and for the years the return should have been made, such owner is required to do so for each year he is a delinquent, said return to be made under the same laws, rules, and regulations as existed during the year in default." Section 1057 is as follows: "When the omitted property is of that class which should have been returned to the tax-receiver of the county, the said tax-receiver shall notify in writing such delinquent, requiring that he shall make a return thereof within twenty days." Section 1059 declares: "If the delinquent as provided under section 1057 refuses to return his property after notice given him, it shall be the duty of the tax-receiver to assess such property for taxation from the best information he can obtain as to its value for the years in default and notify such delinquent of the valuation, which shall be final, unless the taxpayer raises the question that it is excessive, in which event the further procedure shall be the same as provided by law when the value of returned property is arbitrated." Section 1097 declares: "Each return shall be scrutinized carefully by the tax-receiver, and if in his judgment he shall find the property embraced in the return, or any portion of it, returned below its value, he shall assess the value at once or within thirty days thereafter." And section 1098 provides: "If such assessment is not made by the receiver instanter, he shall give the taxpayer notice of his assessment, and in either case it shall be the taxpayer's privilege to have it left to three disinterested persons, one of whom he shall select, the other shall be selected by the receiver, and these two shall select a third if they disagree, a majority of whom shall fix the assessment." And section 1113 provides: "Receivers and collectors are required

to receive the returns and to collect the taxes thereon for former years, when any person is in default, which taxes shall be assessed according to the law in force at the time the default occurred, and shall be so specified in the digest."

From reading the foregoing sections and considering them together, it becomes obvious that upon failure of the taxpayer to make his returns to the tax-receiver of the county, as required by law, it is the duty of the tax-collector to search out all the taxable property not returned to the receiver or found on his digests, and to assess it for taxation under the same laws, rules, and regulations which were of force during the year in which the default occurred. Provision is also made for notice to the defaulter, arbitration in case of disagreement as to the valuation of the property assessed, etc.; and this affords due process of law. *VanDuzer* v. *Irvin,* 138 *Ga.* 524 (75 S. E. 649). In the present case notice was given to the taxpayer of the default, and in answer thereto it made its returns, but placed a valuation on its property so low that the tax-collector declined to accept it. Whereupon the collector assessed the property at a higher valuation than had been returned by the taxpayer. No demand for arbitration was made by the taxpayer, as provided by statute; but on the contrary an agreement was reached between the tax-collector and the taxpayer, by the terms of which the latter was to pay, and did pay, a certain amount of the taxes due on the assessment in cash, the balance to be paid at stated periods. The deferred payment was not made, and tax fi. fas. were issued and levied upon property of the taxpayer, which was advertised for sale; and the present suit is to enjoin the sale on the ground that the fi. fas. are void because the tax-collector had no authority to proceed in the manner indicated. We think it is clear from the foregoing sections of the code that the tax-collector was within the law and within his rights when he took the steps indicated to collect the taxes due on the property and in default. Under these circumstances the court was right in dissolving the restraining order and in refusing an injunction.

There is no merit in the contention that the assessment for taxation of the notes which were taken for the purchase-price of certain land as the property of the plaintiff, and the further assessment for taxation of the land itself in the possession of the vendee, constituted "double taxation." See *National Bank of Athens* v.

*Danforth,* 80 *Ga.* 55, 64 (7 S. E. 546).; *Bank of the University* v. *Athens Savings Bank,* 107 *Ga.* 246 (33 S. E. 34) ; *Georgia Railroad Co.* v. *Wright,* 125 *Ga.* 589, 593, 594 (54 S. E. 52).

Judgment affirmed. All the Justices concur, except *Fish, C. J.,* absent, and Atkinson, J., dissenting.