ON MOTION FOR REHEARING.

A portion of the language in the opinion, which permitted a construction not intended, has been corrected, as shown in the opinion as now written. <em>Rehearing denied.</em>

DONALSON, executor, <em>v.</em> CITY OF BAINBRIDGE <em>et al.</em>

GILBERT, J. Petitioner sought to enjoin the City of Bainbridge from levying a tax fi. fa. upon property and a sale thereunder. Petitioner had returned the property at a valuation of $1615, and tendered $32.30, the amount which would have been due as the proper tax according to that valuation. The city refused to accept that valuation, and after consideration finally adopted $5150 as a valuation, and demanded the payment of $103 as the proper tax. The petition attacked the validity of that portion of the city charter, viz.: "That the said City of Bainbridge shall have the following powers: . . to provide by ordinance for the return or assessment, or both, of all real and personal property for taxation at its true cash market value, and no more." It is alleged that the charter provision is in violation of art. 1, sec. 1, par. 3, of the Georgia constitution (Civil Code (1910), § 6359), and the due-process clause of the United States constitution (Civil Code (1910), §§ 6688, 6700). There was no demurrer. Evidence was introduced, and a verdict returned for the defendant. The plaintiff excepted, viz.: "The verdict as returned by the jury by direction of the court is contrary to evi-

dence and without evidence to support it," also "decidedly and strongly against the weight of the evidence;" "the evidence demanded a verdict in favor of the plaintiff;" the allegations of the petition "were sustained by the evidence," and "the verdict directed by the court was against the pleadings and the evidence;" "said verdict, by direction of the court, under the evidence is violative" of the State and United States constitutions, as stated above; "an ordinance of the city . . introduced in evidence provides that assessments of property for taxation shall be made on the first day of July . . by the mayor and aldermen," and the plaintiff was not notified, until August 6, 1930, that his return had been raised; that "the final assessment of said property for taxation was not made . . until November 4, 1930;" that "plaintiff was never afforded a hearing by" the city council before the assessment was finally made, and "the mayor and aldermen . . raised the valuations of the properties listed in plaintiff's returns without having afforded him a hearing;" that the city did not carry the burden imposed upon it of showing authority to exercise the taxing power "in the manner in which it has been imposed;" that "the judgment based on said directed verdict is contrary to the law and the evidence." *Held:*

1. The exceptions are not sufficient to raise the issue that the direction of the verdict was erroneous because there were disputed issues of fact that should have been submitted to the jury; therefore that question is not presented for decision. *Gilliard* v. *Johnston*, 161 *Ga.* 17 (129 S. E. 434); *Morris* v. *First National Bank*, 174 *Ga.* 848 (2) (164 S. E. 200).

2. The verdict is supported by evidence.

3. The assignment of error that "said verdict, by direction of the court, is violative" of the due-process clauses of the State and Federal constitutions is without merit. See *Bower* v. *Bainbridge*, 116 *Ga.* 794 (43 S. E. 67); *City of Sandersville* v. *Bell*, 146 *Ga.* 737 (92 S. E. 218); *McGregor* v. *Hogan*, 153 *Ga.* 473, 480 (112 S. E. 471); *McWilliams* v. *Tallapoosa*, 137 *Ga.* 283 (73 S. E. 510).

4. The case of *Shippen* v. *Elliott*, 134 *Ga.* 699 (68 S. E. 509), is consistent with the above-cited cases. The charter of Bainbridge contains the provision quoted in the preceding statement, which was lacking from the charter assailed in the *Shippen* case.

*Judgment affirmed. All the Justices concur.*

No. 9427. MARCH 20, 1933. REHEARING DENIED JUNE 16, 1933.

*E. M. Donalson,* for plaintiff.   *Vance Custer,* for defendant.

ON MOTION FOR REHEARING.

The motion for a rehearing in part is based upon a misunderstanding of this court's ruling. The motion states: "The court held that the exceptions set forth in the bill of exceptions were not sufficient to present an issue of fact." The court did not rule that the "exceptions were not sufficient to raise an issue of fact." The ruling was that the exceptions were not sufficient to raise the issue

"that the direction of a verdict was erroneous," etc. An issue was raised as to the sufficiency of the evidence to support the verdict, and that was decided. See second headnote. Also the issue of constitutionality. of the charter was raised and decided. See third headnote.

Under the charter of Bainbridge it is not essential that tax assessments should be made by the mayor and council as a whole. "Any two aldermen may do so." Acts of 1859, p. 133. This power was retained by the new charter granted in 1901 (Ga. Laws 1901, p. 321).

It is insisted that a rehearing should be granted and the judgment of the trial court reversed, because the assessment by the city was not made "on or before July 1st, 1930." The ordinance of the city, adopted in pursuance of charter power, provides: "Such assessment to be made on or by the first day of July in each year." The record fails to show the precise date on which the original assessment was made. It does show that the notice by the mayor and council to the property owner was dated August 6, 1930. The final action in fixing the amount was November 4. It appears from the record that the property owner, on receipt of notice that his returns were not satisfactory and that the city had increased the assessment, filed a protest, and the jury was authorized to find that he entered upon and participated in a hearing before the tax committee. Having thus treated the proceeding as valid, it will be held that the assessment was made in due time, or, if not in due time, the property owner has waived the benefit of Civil Code (1910), § 10. *Rehearing denied.*