SCOTT *v.* MAYOR & COUNCIL OF MOUNT AIRY *et al.*

No. 12320. September 16, 1938.

*R. C. Scott,* for plaintiff.
*Hamilton Kimzey* and *Herbert B. Kimzey,* for defendants.
Jenkins, Justice. 1. While injunction is a proper remedy for resisting the enforcement of an invalid municipal tax execution if there is no provision in the city charter for testing the validity by affidavit of illegality (*City of Atlanta* v. *Jacobs,* 125 *Ga.* 523 (2), 528, 54 S. E. 534), yet equity will not interfere if such a

provision does exist. *Social Circle Cotton-Mill Co.* v. *Social Circle,* 163 *Ga.* 465, 467 (136 S. E. 432); *Rice* v. *Macon,* 117 *Ga.* 401 (43 S. E. 773), and cit.

2. The Code, § 39-1006, makes it the duty of a levying officer who receives a proper affidavit of illegality to return it with the papers "to the next term of the court from which the execution issued." § 24-1419 provides that "when an issue is made by an affidavit of illegality and returned to any justice court, it shall be tried at the next term of said court after said illegality has been returned to said court for five days." Even "where an execution issues from a justice's court and is levied upon land, and an affidavit of illegality is filed, it is the duty of the levying officer to return the papers to the justice's court for trial," rather than to the superior court, which is without jurisdiction in such a case. *Padgett* v. *Waters,* 4 *Ga. App.* 306 (2) (61 S. E. 293). The constitution limiting the jurisdiction of justices' courts to cases "when the principal sum does not exceed $100" (Code, § 2-3502), affidavits of illegality, filed to the levy of ordinary executions for larger amounts, would be returnable to other courts having jurisdiction. There being no general statute as to the filing and return of affidavits of illegality to tax executions, and no authority for the officer issuing such an execution to hear and determine the controversy (*Webb* v. *Newsome,* 138 *Ga.* 342, 345, 75 S. E. 106), where a municipal charter authorizes an affidavit of illegality, the levying officer returns the papers to the proper court specified in the charter provision. See *Vanduzer* v. *Irvin,* 138 *Ga.* 524, 526 (75 S. E. 649).

The charter of the Town of Mt. Airy provides that "whenever any execution issued by the town authorities of Mt. Airy shall be levied upon any property, a claim of illegality may be filed under the same rules and regulations that govern claims and illegalities to justice court fi. fas., and shall be tried in same manner." Ga. L. 1921, p. 1040, sec. 23. Since laws passed to prevent delay and expense in the administration of justice or to give remedies not previously existing are remedial in nature, and as such are to be liberally construed (*Carey* v. *Giles,* 9 *Ga.* 253 (6), 259; *Price* v. *Bradford,* 5 *Ga.* 364, 368; *Collins* v. *Taylor,* 128 *Ga.* 789, 790, 58 S. E. 446), and since "a legislative body should always be presumed to mean something by the passage of an act," and an act

should not be so construed as to render it "absolutely meaningless" (*Central Ry. Co. v. State, 104 Ga. 831, 839, 31 S. E. 531, 42 L. R. A. 518*); *Board of Tax Assessors of Decatur County v. Catledge, 173 Ga. 656, 160 S. E. 909*), and since the quoted charter provision that the affidavit of illegality "may be filed" and "tried under the same rules and regulations" that "govern . . illegalities to justice court fi. fas." is remedial in nature as affording taxpayers a simpler and less expensive remedy than a suit for injunction, it will be liberally and reasonably construed so as not to render the provision meaningless or futile, or so as to defeat the purpose of the proposed legislation. Accordingly, where there is a levy on land of a tax execution issued by the town, for an amount not exceeding $100, the charter language will not be construed to mean that the legislature, after giving the remedy, did not intend that any court should have jurisdiction, or intended the futile procedure that the papers should be returned to be tried before the mayor and council themselves. The charter provision, expressly referring to "justice court" rules, will be taken to mean that the justice's court with territorial jurisdiction over the town was intended to have jurisdiction of such affidavits of illegality, at least to the $100 maximum of justice-court jurisdiction under the constitution. As the execution in this case was for only $26.88, it is unnecessary to determine as to jurisdiction where the amount exceeds $100.

4. The petitioner for injunction having an adequate remedy at law by affidavit of illegality, the superior court did not err in dismissing the action upon general demurrer.

*Judgment affirmed. All the Justices concur.*