## Allen *et al. v.* Heys, executor.

Duckworth, Chief Justice. 1. The caveators having admitted a prima facie case as to the proper execution of the will and the testamentary capacity of the testator, assuming the burden of sustaining the grounds of their caveat—that a named legatee, executor under the will and a friend and business associate of the testator for more than forty years,

conspired with two other beneficiaries under the will and the mother of one of them to substitute his will for that of the testator, that the said parties, to enforce their will, practiced upon the alleged fears of the testator that his habit of using certain drugs would be exposed, and fraudulently prevented a destruction and revocation of his will, refusing to submit it upon demand, and that at the time of executing the instrument the testator was, by reason of senile dementia and the use of drugs, wholly incompetent to make a will and one was made for him by the aforesaid parties—and having failed to sustain the caveat by any evidence as to the truth of the allegations, the verdict in favor of the will was fully authorized.

2. "Courts hold themselves bound to the observance of rules of extreme caution, when invoked to declare a transaction void, on grounds of public policy; and prejudice to the public interest must clearly appear before a court will be warranted in pronouncing the transaction void on this account. It is not to be lightly inferred from facts and circumstances of doubtful import and meaning, or which may admit of different construction, one consistent with and the other opposed to unquestioned policy." *Smith* v. *DuBose,* 78 *Ga.* 413 (g) (3 S. E. 309, 6 Am. St. R. 260); *Virginia Bridge &c. Co.* v. *Crafts,* 2 *Ga. App.* 126 (4) (58 S. E. 322); *Kiser Co.* v. *Padrick,* 30 *Ga. App.* 642 (3) (118 S. E. 791). See also *Bankers Trust &c. Co.* v. *Farmers &c. Bank,* 163 *Ga.* 352, 354 (136 S. E. 143); *Simmons* v. *Newton,* 178 *Ga.* 806, 813 (174 S. E. 703).

3. Under the foregoing rule, the verdict in favor of the will here involved was not contrary to public policy because the evidence showed the following facts: Devises and bequests were made respectively to one who had served as deputy clerk or otherwise in the office of the testator, to a half first cousin, who was his nurse and housekeeper, and to a niece, the daughter of one who was a sister-in-law of the testator's wife. The mother of the last-named devisee, upon the statement to her by the testator that he wanted to make a will and naming his lawyer, summoned such person to the testator's home. From notes taken down in consultation with the testator, he prepared the testator's will and became one of the witnesses thereto. The first-mentioned devisee occupied towards the testator, as his deputy clerk in the clerk's office of Sumter Superior Court, a fiduciary relationship. As executor under the will he was represented by the lawyer who prepared the will, as aforesaid, and the two had in succession prior to the testator's death held a power of attorney from him for the management of his personal affairs. They paid to a doctor who witnessed the will a certain sum for professional services rendered the testator before and after the execution of the will, and also paid salaries of nurses who attended the testator in his last illness. The lawyer and witness to the will procured, at the request of the testator, the said doctor as a witness thereto. The third witness was summoned by the mother of a beneficiary under the will. After the execution of the will, it was first delivered to the testator and then by him directed to be placed in a small tin box by his half first cousin, his nurse and housekeeper, and later, upon the testator's removal to a hospital, was placed in a bank in a safety-deposit box owned by the mother of one of the beneficiaries under the will. There was testimony that the tes-

tator had stated to one or two persons that he was dissatisfied with the will and wished to change or destroy it, that it was made while under the influence of dope, and he wanted to talk to his lawyer about it, but it was not shown that he sought to repossess it from its custodian or asked his lawyer to assist him in making another. It was admitted by the caveators that the evidence was not conclusive that a fraud had been perpetrated upon the testator, but urged that the facts and circumstances above mentioned strongly suggested fraud, and that the verdict in favor of the will should be held as being against public policy.

4. Testimony of the executor that the testator told him, on the day following the execution of the will, that he had made his will and stated what disposition he had made of his property in the main items of the will, and that when the executor read the will he found that the disposition of the property was substantially as declared by the testator, was not inadmissible on the grounds, that the will was the highest and best evidence of its contents and that the testimony was prejudicial to the caveators because it permitted the executor to strengthen his own cause. The testimony was not an attempt to show the disposition of the property under the will, but was merely illustrative of the testator's mentality on the day after the execution of the will.

5. Testimony by the executor that the testator, in going over the will with him, stated as to a legacy of $500 to a certain kinsman that it was his intention to give him only $100, but knowing his wife as he did, he made it $500, is not cause for reversal where similar testimony from another witness, the attorney who prepared the will, was admitted without objection. *Nash* v. *Burton,* 147 *Ga.* 209, 211 (2) (93 S. E. 203); *City of Atlanta* v. *Carroll,* 194 *Ga.* 172 (4) (21 S. E. 2d, 86); *Wages* v. *Wages,* 202 *Ga.* 155 (2) (42 S. E. 2d, 481).

6. The court did not err in failing to charge without request as to the duty of one towards another to whom he stands in a confidential relationship, the court having charged generally as to the effect of fraudulent practices upon the testator's fears, affections, or sympathies and the use of duress or undue influence. "If the substantial law covering the issues made by the pleadings and evidence is given in charge, and more specific instructions are desired by either party, appropriate requests for that purpose should be made." *Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 559 (4) (64 S. E. 680). See also *Rountree* v. *Neely,* 147 *Ga.* 435 (94 S. E. 542); *Edge* v. *Calhoun National Bank,* 155 *Ga.* 821, 827 (118 S. E. 359).

7. The court charged the jury: "You will find that S. R. Heys, being named as executor in a will alleged to have been executed by H. E. Allen, presented this alleged will to the ordinary with an application to have it probated in solemn form, which was his duty to do as having been named executor in the will." Error is assigned on the ground that the executor was not in law under a duty to probate the will in solemn form when not cited by an interested party so to do, and that the charge was prejudicial, in that it sanctioned the executor's effort to probate in solemn form, and nullified all evidence tending to show that he was primarily concerned with his own welfare as a legatee under the will. Whether it is the duty of an executor to probate a will in solemn form unless prop-

erly cited to do so (See *Davison* v. *Sibley,* 140 *Ga.* 707, 709, 79 S. E. 855; *Young* v. *Freeman,* 153 *Ga.* 827, 831, 113 S. E. 204; Code, § 113-615), the charge was not error upon the assigned ground that it nullified all evidence tending to show that the executor here was primarily concerned with his own welfare as a legatee under the will.

8. The court did not err in not charging the law of conspiracy, the evidence wholly failing to show that such conduct existed between any persons with reference to substituting their own will for that of the testator in the preparation of the will, the evidence relied upon being at most only grounds of suspicion. *Orr* v. *Blalock,* 195 *Ga.* 863, 866 (25 S. E. 2d, 668); *Brumbelow* v. *Hopkins,* 197 *Ga.* 247, 251 (29 S. E. 2d, 42); *Bailey* v. *Bailey,* 204 *Ga.* 556 (50 S. E. 2d, 617).

9. The court did not err in failing to charge without request "as to the validity of this instrument as a will if the intended destruction and revocation was fraudulently prevented by the persons taking thereunder or other persons acting in their behalf," there being no evidence whatever that the testator was prevented by anyone from destroying or revoking the will if he so desired. While the will was, at the direction of the testator, locked in a small tin box in his home by his cousin, who was his nurse and housekeeper, and who held the key, and upon his removal to the hospital in his last illness such confidant, to insure its safety, placed the box with the will in a bank in a safety-deposit box belonging to the mother of one of the devisees under the will, it was not shown that such will was fraudulently withheld or that the testator communicated to her or to his housekeeper or to his lawyer any desire to repossess the will.                  *Judgment affirmed. All the Justices concur.*

No. 16431. JANUARY 10, 1949.

*Claude N. Morris,* for plaintiffs.
*H. B. Williams* and *Fort & Fort,* for defendant.