34594.   THURMOND *v.* BILLINGSLEY.

DECIDED APRIL 11, 1953.

22

*Erwin, Nix, Birchmore & Epting,* for plaintiff in error.
*Carlisle Cobb, Hubert M. Rylee,* contra.

CARLISLE, J. ■ It is quite proper for the trial court in its charge to the jury to state the contentions of the parties. *Chattanooga Railroad* v. *Huggins,* 89 *Ga.* 494, 504 (6) (15 S. E. 848); *Daniel* v. *Etheredge,* 198 *Ga.* 191 (2) (31 S. E. 2d, 181); *John Deere Plow Co.* v. *Anderson,* 29 *Ga. App.* 497 (4) (116 S. E. 38). And, from a consideration of the portions of the court's charge which immediately precede and follow the excerpt complained of, together with paragraph 5 of the petition, it is crystal clear to this court as it must have been to the jury, that the trial court was reading the contentions of the plaintiff just exactly as the court had said it would do. Special ground 1 (numbered 4) is not meritorious.

■ In special ground 2 (numbered 5), error is assigned upon the following excerpt from the charge to the jury, on the grounds that it excluded the doctrine of "injury by accident" from the consideration of the jury, and is incorrect as a matter of law: "That is to say the negligence of the driver of the car in which she was riding could not be charged against her and would in no way operate to prevent a recovery by the plaintiff unless it

is made to appear that the negligence of the driver of the car in which she was riding was the sole proximate cause of any injury that she may have received and that no negligence upon the part of the defendant concurred in producing such injury, if you find that such an injury occurred." Neither objection is valid. (a) In the absence of a request so to do, it is not reversible error for the trial court to omit to charge on the theory of accident, where it appears that elsewhere in the charge the court instructed the jury that, in order for the plaintiff to recover, it must be made to appear that the defendant's negligence was the proximate cause of the plaintiff's injury. *Alabama &c. R. Co.* v. *Brown,* 138 *Ga.* 328, 332 (6) (75 S. E. 330) ; *Allen* v. *Heys,* 204 *Ga.* 635, 637 (6) (51 S. E. 2d, 417) ; *Atlantic Coast Line R. Co.* v. *Thomas,* 83 *Ga. App.* 477, 490 (6) (64 S. E. 2d, 301) ; *He-Po Gas, Inc.* v. *Roath,* 87 *Ga. App.* 827 (75 S. E. 2d, 451). (b) The excerpt is correct as an abstract principle of law and is adjusted to the issues in the case.

■ In special ground 3 (numbered 6), error is assigned on the following excerpt from the charge, on the ground that it placed a greater burden of proof upon the defendant than is required by law in such a case: "Further, gentlemen, if the driver of the car in which the plaintiff was riding was negligent and the defendant was not negligent and the negligence of the driver of the car in which the plaintiff was riding was the proximate cause of the injury, if any, then the plaintiff would not be entitled to recovery in this proceeding." The trial court did not in any manner intimate that it was incumbent upon the defendant to prove that the driver of the car in which the plaintiff was riding was negligent and that such driver's negligence was the proximate cause of the plaintiff's injuries, but to the contrary the trial court had instructed the jury that the burden was on the plaintiff to prove the facts of her case by a preponderance of the evidence. In view of the pleadings, evidence, and the charge of the court as a whole, the excerpt excepted to was rather in the defendant's favor than to his detriment. This ground of the motion for new trial is not meritorious.

■ In special ground 4 (numbered 7), error is assigned in that after charging as follows: "Further, gentlemen, the opinion evidence introduced in this case is not conclusive or controlling.

The opinion of witnesses, expert or non-expert, is submitted to juries under a different rule from that concerning testimony of witnesses who purport to swear the actual facts. It is the duty of the jury to accept as true testimony of the latter kind unless the witness is impeached or otherwise discredited, but the opinions of witnesses, expert or non-expert, are submitted to the jury for merely whatever the jury may think they are worth," the trial court erred in charging: "The jury upon review of the facts in the case or even by reference to their own experience may discard entirely the opinion of the most learned expert. And an expert witness cannot by categorical testimony decide the issue in a cause unless the jury approves his statement. An expert may aid the jury but he cannot perform the functions of a juror and under the guise of giving testimony state a legal conclusion." The portion of the charge complained of is correct as an abstract principle of law. *Carroll* v. *Hartford Accident &c. Co.*, 73 *Ga. App.* 799, 802 (38 S. E. 2d, 185), and citations; *Travelers Ins. Co.* v. *Thornton*, 119 *Ga.* 455 (46 S. E. 678). It was applicable to the issues raised by the evidence, and does not constitute an expression of opinion by the court that the jury should completely disregard the testimony of the expert witnesses. This special ground is not meritorious for any reason assigned.

■ The general grounds of the motion for new trial were argued neither in the brief nor orally and were not generally insisted upon, and are therefore treated as abandoned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*