24284. BUICE et al. v. DIXON, Member of Board of
Commissioners of Roads and Revenues of Clayton County, et al.

UNDERCOFLER, Justice. M. M. Buice and Mack A. Carnes, citizens and taxpayers of Clayton County, brought an action in the Superior Court of Clayton County against P. K. Dixon, James A. Duncan and Tommy Vaughn, as members of the board of commissioners of roads and revenues of said county and two named auditors. The petition alleges that said members of the board of commissioners of roads and revenues are required by Sec. 14 of Ga. L. 1966, p. 2723, as amended by Ga. L. 1967, p. 3058, to have conducted an annual audit of the financial affairs, books and records of said county as therein provided; that the auditors are required to submit a complete and final report and audit in accordance with said section to said board of commissioners not later than 120 days after the close of the fiscal year; that the fiscal year closed on December 31, 1966; that the time has expired within which such complete and final report was to have been submitted; and that said commissioners and auditors of said county have failed and refused to comply with these laws. The prayers are for process; that the court find the members of said board have not faithfully discharged the duties of their office; that they have failed to carry out the provisions of said statutes to the best interest of said county; that the court forfeit the bonds of the defendants; that the commissioners be directed to discharge the named auditors for nonperformance of duties; that the court direct the appointment of a county auditor with instructions to audit all records and comply with said laws; that the defendants be taxed for court costs; and for general relief. The defendants filed a general demurrer to the

petition attacking Section 14 of the Act of 1966, as amended in 1967, on the ground that it violates the due process clause of the Georgia Constitution (Art. I, Sec. I, Par. III; *Code Ann.* § 2-103). The trial court sustained grounds 3 and 4 of the demurrer and the exception is to said rulings only. *Held:* .

Section 2 of the Act of 1966 struck Section 14 of the original Act of 1955 (Ga. L. 1955, p. 2064, as amended) creating a board of commissioners of roads and revenues for Clayton County and substituted in lieu thereof a new Section 14 providing for the audit of said county's financial affairs annually and the procedure to be followed therein. Subsection 14 (f) of the Act of 1966 provides: "In the event the board of commissioners of roads and revenues should fail or refuse to perform the duties set out above, then, in that event, upon the application of any taxpayer of Clayton County to the Judge of the Superior Court of Clayton County, the Judge of the Superior Court after hearing all facts from all parties concerning the issues raised in the application may issue any order he deems necessary." Section 14 (f) was not changed by the 1967 amendment. Ground 3 of the demurrer of the defendants alleges that Sec. 14 (f) of the Act of 1966 violates the due process clause of the Constitution of Georgia (Art. I, Sec. I, Par. III; *Code Ann.* § 2-103) in that the section referred to does not provide for notice to the defendants, for service upon the defendants, nor does it place them upon notice so that they may adequately prepare a defense for any charges brought against them as is contemplated by the Constitution. Ground 4 asserts that said Section 14 (f) violates the due process clause in that it is so vague and indefinite that it would allow the judge of the superior court to "issue any order he deems necessary"—this being a phrase so broad in scope as to defy the most learned legal mind—that the defendants herein could thereby be subjected to extreme cruel and inhumane punishment, intimidated and stripped of all their rights, authority, and privileges guaranteed by the Constitution of the State of Georgia.

It is an established rule that all presumptions are in favor of the constitutionality of an Act of the legislature and that it cannot be lawfully set aside by the court unless the alleged conflict with the Constitution is plain and palpable. *Mayes v. Daniel,* 186 Ga. 345 (198 SE 535) ; *Robitzsch v. State,* 189 Ga. 637 (2b) (7 SE2d 387). " 'A legislative body should always

be presumed to mean something by the passage of an Act' and an Act should not be so construed as to render it 'absolutely meaningless.' *Central R. Co. v. State,* 104 Ga. 831, 839 (31 SE 531, 42 LRA 518); *Board of Tax Assessors of Decatur County v. Catledge,* 173 Ga. 656 (160 SE 909)." *Scott v. Mayor &c. of Mount Airy,* 186 Ga. 652 (198 SE 693). "And it is well settled in this jurisdiction that all statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it; that they are to be construed in connection and in harmony with the existing law; and that their meaning and effect will be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and the decisions of the courts." *Spence v. Rowell,* 213 Ga. 145, 150 (2) (97 SE2d 350); *Hill v. Busbia,* 217 Ga. 781, 782 (125 SE2d 34, 93 ALR2d 1241); *Nelson v. Roberts,* 217 Ga. 613, 614 (124 SE2d 85); *Brookins v. State,* 221 Ga. 181, 190 (2) (144 SE2d 83). A statute complies with constitutional provisions as to due process where it provides for notice and hearing as a matter of right, either in express form, or, as in this instance, by necessary implication. *Robitzsch v. State,* supra (1a); *Dawson v. Hospital Authority of City of Augusta,* 212 Ga. 146 (2) (91 SE2d 12).

The section of the statute under attack here authorizes any taxpayer of Clayton County to make application to the Judge of the Superior Court of Clayton County for any failure or refusal to perform the duties set out under this section and requires the judge to hear all facts from all parties concerning the issues raised in such application. As we view this statute, it incorporates and intends that the rules of the superior court and the laws pertaining thereto and governing its procedures should be adhered to and followed in all proceedings thereunder. The statute further provides that the judge of said superior court may issue any order he deems necessary. We believe that this portion of the statute is neither vague nor uncertain but contemplates and intends that the judge may issue any "lawful" order.

Accordingly, it cannot be said that this statute is in "plain and palpable" conflict with the Constitution but on the contrary the statute by necessary implication requires that all proceedings shall be conducted under the rules and laws governing superior court proceedings and the judge thereof may not

exercise any greater authority and power than is granted to him by law and the Constitution of this State as a superior court judge. It follows that the statute does not violate the due process clause of the Constitution on either ground herein asserted.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1967—DECIDED SEPTEMBER 21, 1967— REHEARING DENIED OCTOBER 5, 1967.

*Wesley G. Bailey, II,* for appellants.
*John R. McCannon,* for appellees.