### 43661. ALLEN v. GIDDENS et al.

FELTON, Chief Judge. 1. Statutory claim is the ordinary remedy where property belonging to some person *other than a party to the proceeding* has been levied upon. *Code* § 39-801 (Ga. L. 1839, Cobb, 535; Ga. L. 1877, p. 22); *Padgett v. Waters,* 4 Ga. App. 306 (3) (61 SE 293).

2. The sole statutory provision of *Code Ann. Ch.* 58-7 for contesting the seizure of contraband beer under *Code Ann.* § 58-727 (Ga. L. 1937, pp. 148, 153) is the filing of a claim pursuant to *Code Ann.* § 58-729 (Ibid.), which is to be tried in the superior court "as other claims."

3. *Code Ann.* § 58-729 is construed to allow claims by a party to the proceedings, as well as by third parties, since a contrary construction would have the effect of denying a remedy to such party, thereby rendering the section unconstitutional.

4. The defendant sheriff was not obligated to accept the bond for damages required by *Code* § 39-802 (Ga. L. 1821, Cobb, 533; Ga. L. 1872, p. 41), which accompanied the § 58-729 claim, since the bond had not been properly executed. *General Motors Acceptance Corp. v. Allen,* 59 Ga. App. 614, 615 (3) (1 SE2d 705) and cit. The claim, being thus defective, although timely filed, was properly dismissed by the trial court.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

ARGUED MAY 6, 1968—DECIDED DECEMBER 3, 1968.

*H. Scott Schmid,* for appellant.
*G. Wesley Channell, Solicitor General,* for appellees.